USCA Case #25-5241    Document #2167935    Filed: 04/01/2026    Page 1 of 13

ORAL ARGUMENT SCHEDULED FOR MAY 14, 2026

**Nos. 25-5241, 25-5265, 25-5277, 25-5310**

---

**UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

PERKINS COIE LLP,

Plaintiff-Appellee,

v.

U.S. DEPARTMENT OF JUSTICE, et al.,

Defendants-Appellants.

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT

APR - 1 2026

RECEIVED

---

On Appeal from the United States District Court
for the District of Columbia

---

**AMICUS CURIAE BRIEF OF PICKERING LEGAL LLC IN SUPPORT
OF PLAINTIFF-APPELLEES AND SUPPORTING AFFIRMANCE**

---

Kenneth C. Pickering
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
*kpickering@pickering-legal.com*

## RULE 29 AND 16.1 CERTIFICATIONS

Pursuant to Federal Rule of Appellate Procedure ("FRAP"), 29(a)(2), all parties have consented to the filing of this amicus brief.

Pursuant to FRAP 29(a)(4)(A) and 16.1, Pickering Legal LLC does not have a parent corporation, and no publicly traded entity owns 10% or more of its stock.

Pursuant to FRAP 29(a)(4)(E), no counsel for a party authored this brief in whole or in part; and no counsel, party, or person contributed money intended to fund the participation or submission of this brief.

Dated: March 30, 2026

Kenneth C. Pickering

## TABLE OF CONTENTS

I.    Statement of Interest ............................................... 4

II.   Facts .................................................................... 5

III.  Argument ................................................................ 6

IV.   Conclusion............................................................. 10

## TABLE OF AUTHORITIES

Executive Orders

*Addressing Risks from Perkins Coie LLP*, issued March 6, 2025
(EO 14230) ..................................................................... 5

*Addressing Risks from Paul Weiss*, issued March 14, 2025
(EO 14237) ..................................................................... 5

*Addressing Remedial Action by Paul Weiss*, issued March 21, 2025
(EO 14244) ..................................................................... 5

*Addressing Risks from Jenner & Block*, issued March 25, 2025
(EO 14246) ..................................................................... 5

*Addressing Risks from WilmerHale*, issued March 27, 2025
(EO 14250) ..................................................................... 5

*Addressing Risks from Susman Godfrey*, issued April 9, 2025
(EO 14263) ..................................................................... 5

Presidential Memoranda

*Suspension of Security Clearances and Evaluation of Government
Contracts*, issued February 25, 2025 ..................................... 6

*Preventing Abuses of the Legal System and the Federal Court*,
issued March 22, 2025 ...................................................... 6

## I.  <u>Statement of Interest</u>

Amicus is a solo practitioner practicing law as Pickering Legal LLC. Amicus's legal work includes representing clients in litigation in federal courts and in matters involving federal agencies, including the U.S. Department of Justice, the U.S. Securities and Exchange Commission, the Internal Revenue Service, and the offices of various Inspectors General. This Amicus Curiae brief is filed pro se, not on behalf of any group or association.  Amicus has no relationship with any of the parties.

This Amicus Curiae brief is submitted to highlight the fact that the executive orders issued by President Donald J. Trump addressing risks from Perkins Coie LLP, Jenner & Block, WilmerHale and Susman Godfrey extend well beyond the four named law firms and other similarly situated large law firms.  The chilling effect of the President's executive orders is also felt – perhaps even more acutely – by solo and small firm practitioners whose livelihood could be taken away with the issuance of a single executive order merely for advocating a position seen as antagonistic to the current Presidential Administration.

## II. Facts

The President issued executive orders against four separate law firms: (1) *Addressing Risks from Perkins Coie LLP*, issued March 6, 2025; (2) *Addressing Risks from Jenner & Block*, issued March 25, 2025; (3) *Addressing Risks from WilmerHale*, issued March 27, 2025; and (4) *Addressing Risks from Susman Godfrey*, issued April 9, 2025 (together, the "Executive Orders"). In each case the district court held that the Executive Orders were unconstitutional.

In addition to the four law firms referenced above, the President issued a similar executive order against the law firm Paul Weiss. See *Addressing Risks from Paul Weiss*, issued March 14, 2025 (EO 14237). Only after the firm made certain concessions to the Administration was the executive order against Paul Weiss rescinded. See *Addressing Remedial Action by Paul Weiss*, issued March 21, 2025 (EO 14244).

In addition, as a result of its representation of former Special Counsel Jack Smith, the Administration issued Presidential Memoranda suspending the security clearances of all members, partners and employees of the law

5

firm Covington & Burling LLP. The memorandum also directed

government agencies to review any government contracts with Covington

& Burling. See *Suspension of Security Clearances and Evaluation of Government*

*Contracts*, issued February 25, 2025. The President also issued a

Presidential Memorandum directing the Attorney General to scrutinize any

attorney or law firm for frivolous or vexatious litigation against the federal

government. See *Preventing Abuses of the Legal System and the Federal Court*,

issued March 22, 2025.

### III.   Argument

The Executive Orders target specific law firms and lawyers who

represented clients in litigation against the federal government. The

Executive Orders bar attorneys from the named law firms from federal

buildings, restrict federal employees from communicating with their

attorneys, and impose other sanctions.

In addition to targeting specific law firms, the March 22, 2025

Presidential Memorandum directs the Attorney General to seek sanctions

for conduct by attorneys and law firms engaged in litigation "against the

United States or in matters before executive departments and agencies of the United States." The Presidential Memorandum also directs the Attorney General to retrospectively "review conduct by attorneys or their law firms in litigation against the Federal Government over the last 8 years." See *Preventing Abuses of the Legal System and the Federal Court*, issued March 22, 2025. Notably, this heightened review is directly only at attorneys litigating *against* the federal government.

The Executive Orders and Presidential Memoranda create a climate of intimidation where counsel must evaluate whether pursuing any given matter might cause the Administration to bring the full weight of the federal government to bear on counsel for taking a position the Administration deems adverse to its interests.

The impacts of the Executive Orders are felt not only by large law firms, but also by Amicus and other solo and small firm practitioners. The Executive Orders, which target specific law firms, and in some cases individual attorneys, cause lawyers in all size firms to fear reprisal. Further, the Presidential Memorandum issued March 22, 2025, is directed

at *any* attorney who is in litigation against the federal government or before a federal agency or department. The Executive Orders and Presidential Memoranda cast a sweeping net.

The four law firms specifically targeted are not alone in thinking that the Executive Orders are meant to dissuade lawyers from taking cases adverse to the Administration's interests. There is no reason to believe that future presidential action will be confined only to large, international law firms with the wherewithal to bring suit in federal court to enjoin the Administration's actions. Being subject to sanctions like those levied against the law firms named in the Executive Orders would have a devastating effect on a small firm or solo practitioner.

By creating a chilling effect on lawyers who might take legal action against the interests of this Administration, the Executive Orders threaten clients' right to counsel, and counsel's ability to practice law. There are already sufficiently daunting obstacles for those seeking recourse against the government through legal action. Having counsel decline to pursue a client's rights for fear of reprisal would effectively eliminate many

8

individuals' ability to seek redress by reducing or eliminating the available pool of attorneys to represent their interests. The Executive Orders, as well as other actions taken by this Administration, have already had a negative impact on clients' willingness to step forward to challenge or even interact with federal agencies.

The Administration may litigate its position in court, but to attempt to intimidate lawyers from bringing lawsuits even challenging the executive branch, threatens the ability of individuals to seek redress against their government. The First Amendment establishes the right to petition the government for redress of grievances. Yet, the Executive Orders seek to punish those who would exercise this right. This is not, as Appellants argue, about the President's right to free speech. This is an attempt by the President to silence those who would exercise their First Amendment right to petition the government.

If the Executive Orders are allowed to stand, the result will be the further intimidation of legal counsel by the Administration, the suppression of civil liberties, and the deterioration of the rule of law.

"When citizens must think twice about criticizing or opposing the government because they could credibly face government retribution, they no longer live in a full democracy." Steven Levitsky, Lucan Way and Daniel Ziblatt, *How Will We Know When We Have Lost Our Democracy?*, The New York Times, May 8, 2025.

Our constitutional system of checks and balances is not self-effectuating. It requires individuals to stand up for their rights, and for courts to enforce them. This is especially true where the President seeks to use threats and intimidation to discourage attorneys from bringing legal action at all.

The rights of all are diminished when the rights of one are threatened.[1] I lend my voice to those supporting the rule of law.

## IV.   Conclusion

Amicus supports Plaintiffs/Appellees' requests that this Court affirm the judgments of the District Courts.

---

[1] President John F. Kennedy, *Radio and Television Report to the American People on Civil Rights*, June 11, 1963.

Respectfully submitted this 30th day of March , 2026.

*K. H. C. Pickering*

_____

Kenneth C. Pickering
Pickering Legal LLC
100 Grove Street
Worcester, MA 01605
*kpickering@pickering-legal.com*


## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(g) of the Federal Rules of Appellate Procedure

("FRAP"), I hereby certify that this brief is in compliance with the

requirements of: (i) FRAP 32(a)(7)(B) because it is 1,625 words in length;

and (ii) FRAP 32(a)(5) because it is set in Palatino Linotype 14 point font.

*K. H. C. Pickering*

_____

Dated: March 30, 2026                    Kenneth C. Pickering

## CERTIFICATE OF SERVICE

I, Kenneth C. Pickering, hereby certify that the foregoing Amicus

Curiae Brief of Pickering Legal LLC in Support of Plaintiff-Appellees was

submitted for filing on March 30, 2026, and will be served on all registered

counsel by way of the Court's CM/ECF system.

_____

Kenneth C. Pickering

Misuses may be a violation of federal law. This package is not for resale. EP13F © U.S. Postal Service; October 2023. All rights reserved.

This packaging is the property of the U.S. Postal Service and is provided solely for use in sending Priority Mail Express® shipments.

PRESS FIRMLY TO SEAL

PRESS FIRMLY

# E

## US POSTAGE PAID
## $33.25

Origin: 01606
03/30/26
2496291103-1

## PRIORITY MAIL EXPRESS®

0 Lb 5.10 Oz

**RDC 07**

**C003**

SCHEDULED DELIVERY DAY: 04/01/26 06:00 PM

- Guaranteed delivery date*
- Guaranteed
- SHIP delivery time†
- USPS Track and many i
- Pick up ava
- Domestic s (restrictions apply)**
- Signature i

KENNETH C PICKERING
PICKERING LEGAL LLC
100 GROVE ST
WORCESTER MA 01605-2827
(508) 498-3880

TO:
CLERK'S OFFICE
US COURT OF APPEALS FOR THE DC CIR
333 CONSTITUTION AVE NW
WASHINGTON DC 20001-2802

USPS TRACKING® #

9570 1117 4367 6089 6463 61



UNITED STATES POSTAL SERVICE®






* Money Back Gua
select Internatio
See DMM and I

** Insurance does
claims exclusior
http://pe.usps.c

+ Money Back Gu

WHEN USED INTERNA

how2recycle.info

PAPER POUCH

EP13F October 2023
OD: 12 1/2 x 9 1/2

FOR DOMES
PLACE

PRIORITY
PRESS

T RATE
ELOPE
ANY WEIGHT

eth C. Pickering
ring Legal LLC
rove Street
ster, MA 01605

Clerk's Office
Court of Appeals for the D.C. Circuit
333 Constitution Ave NW
Washington, DC 20001

PS.COM/PICKUP

S10001 000006