

**U.S. Department of Justice**
Office of the Associate
Attorney General
950 Pennsylvania Ave. NW
Washington, D.C. 20530

Tel:  202-514-9500
May 12, 2026

VIA CM/ECF
Clifton Cislak
Clerk, United States Court of Appeals for the D.C. Circuit
E. Barrett Prettyman United States Courthouse & William B. Bryant Annex
333 Constitution Ave., NW
Washington, DC 20001

> Re:  *Perkins Coie v. Department of Justice*, No. 25-5241 (argument set for May 14, 2026)

Dear Mr. Cislak:

This letter responds to the Rule 28(j) letter filed by Perkins Coie on April 30, 2026, in which it claims that the Supreme Court's recent decision in *First Choice Women's Resource Centers, Inc. v. Davenport* "reinforces two arguments" that Plaintiff Perkins Coie raised in its brief. But it reinforces neither.

As Plaintiff Perkins Coie concedes, the court in *First Choice* never reached the merits of the freedom of association claim and was focused on standing. Additionally, this case is factually distinguishable as the disclosure at issue is disclosure regarding commercial business, which is not expressive conduct protected by the First Amendment.  This is especially true given that there is no First Amendment protection for a contractor's refusing to disclose the identity of its subcontractor when requested as a condition of doing business with the federal government, which was the focus of the Executive Orders at issue in this case.

On ripeness, Plaintiff Perkins Coie misapprehends the nature of Defendants' ripeness arguments.  Defendants' ripeness arguments go toward prudential ripeness since whether Plaintiffs' associational rights (to the extent they have any as it pertains to commercial business) are burdened largely depend on future implementation.

In *Davenport*, the subpoenas had already issued, and the only question was whether the Attorney General of New Jersey would enforce them, which the Supreme Court held was irrelevant for determination of an injury in fact.

Sincerely,

*/s/ Abhishek Kambli*
Abhishek Kambli