# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| PERKINS COIE LLP,<br>　　*Plaintiff-Appellee,*<br>　v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>　　*Defendants-Appellants.* | No. 25-5241 |
| JENNER & BLOCK LLP,<br>　　*Plaintiff-Appellee,*<br>　v.<br>U.S. DEPARTMENT OF JUSTICE, *et al.*,<br>　　*Defendants-Appellants.* | No. 25-5265 |
| WILMER CUTLER PICKERING HALE AND DORR LLP,<br>　　*Plaintiff-Appellee,*<br>　v.<br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br>　　*Defendants-Appellants.* | No. 25-5277 |
| SUSMAN GODFREY LLP,<br>　　*Plaintiff-Appellee,*<br>　v.<br>EXECUTIVE OFFICE OF THE PRESIDENT, *et al.*,<br>　　*Defendants-Appellants.* | No. 25-5310 |

**JOINT MOTION TO GOVERN FURTHER PROCEEDINGS**

Pursuant to this Court's Orders of September 23, 2025, October 8, 2025, and December 9, 2025, the parties respectfully state their positions as follows.

## I.   Appellants' Position

Defendant-Appellants believe that all four of these cases should be held in abeyance pending a decision in *Zaid v. Executive Office of the President* (26-5009) as these cases have at least some overlapping issues with that one. In addition, Defendant-Appellants in that case sought expedited briefing that was granted in part. The court has set a briefing schedule that concludes April 10, 2026, and directed the clerk to set argument at the first appropriate date following the completion of briefing.

If the court declines to hold these cases in abeyance, Defendant-Appellants believe that the cases should be consolidated and calendared for argument on the same day before the same panel. Defendant-Appellants share the court's concern for duplicative briefing and proposes that the consolidated cases have one brief per side. Defendant-Appellants propose an opening brief with a 26,000-word count, a combined response brief for all Plaintiff-Appellees of 26,000 words and a reply brief of 13,000 words. This is double the standard word allotment,

which is warranted based on the number of parties involved.

## II. Appellees' Position

Appellees propose that these cases be partially consolidated and calendared for argument on the same day before the same panel. Appellees further propose that the Court enter the following briefing format: an opening brief not to exceed 26,000 words; a separate response brief for each appellee, each such brief not to exceed 9,000 words; and a reply brief not to exceed 13,000 words. Appellees strongly oppose the government's proposal to hold these four cases in abeyance pending the resolution of a later-filed—and almost entirely unrelated—appeal.

1. These four appeals emerge from challenges to four separate Executive Orders. After the district court in the first case issued a reasoned decision concluding that the second and third cases were not related to the first, the four cases were resolved in separate summary-judgment decisions by four different judges on differing factual records.

2. These cases should be partially consolidated and calendared for argument on the same day before the same panel because they involve some overlapping issues. But good cause exists to allow each appellee to file its own brief, with each such brief limited to 9,000 words.

  a. Each case raises separate legal and factual issues. The four

district courts in these cases ruled on varying grounds; each court ruled against the government, collectively holding that the EOs violate ten constitutional guarantees, but not every court was presented with or reached every issue. As a result, there is only one claim—retaliation for protected speech, in violation of the First Amendment—that all four courts reached and resolved in appellees' favor. The four EOs, moreover, asserted varying grounds for targeting the four firms, and these factual variations could potentially bear on each firm's legal challenges. Requiring a single response brief could thus force appellees to make decisions about the briefing of legal and factual issues that their individual cases do not involve.

b. The exceptional importance of these cases to each appellee further counsels in favor of permitting separate response briefs. As each district court found, the challenged EOs would significantly and irreparably harm the firms. In a case with such high stakes, each appellee should have the opportunity to put forward its own arguments, through its chosen counsel and in its own voice, in response to the government's appeal.

c. Allowing each appellee to file a separate brief will not lead to repetitious submissions. Appellees have proposed under-length briefs to

ensure that needless duplication is avoided, and will confer to further avoid repetition.

3. The Court should reject the government's proposal to hold these appeals in abeyance pending resolution of *Zaid v. Executive Office of the President*, No. 26-5009. Many of the legal arguments presented in these cases were not made in *Zaid*, and so a decision in *Zaid* will not resolve these appeals. Among other distinctions, *Zaid* concerns only a challenge to the revocation of an individual's security clearance, while these cases involve (among other things) a policy requiring blanket suspension of security clearances for personnel of the law firms subject to the Executive Orders. Moreover, the law-firm cases reached final judgment months before a preliminary injunction issued in *Zaid*, and they were pending on appeal for nearly six months (due in part to the government's extension and stay motions) prior to the government's notice of appeal in *Zaid* (in which the government has not sought extensions). There is simply no good cause to further delay these appeals; the law firms are entitled to a prompt final resolution of the legality of the government's efforts to punitively target them.

Dated: January 26, 2026

STANLEY E. WOODWARD, JR.
Associate Attorney General

*/s/ Abhishek Kambli*
ABHISHEK KAMBLI
Deputy Associate Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (202) 514-9500

*Counsel for Defendants-Appellants*

Respectfully submitted,

*/s/   Dane H. Butswinkas*
DANE H. BUTSWINKAS
AMY MASON SAHARIA
MATTHEW B. NICHOLSON
CHARLES L. MCCLOUD
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

*Counsel for Appellee Perkins Coie LLP*

*/s/ Elizabeth B. Prelogar*
ELIZABETH B. PRELOGAR
JOSHUA REVESZ
COOLEY LLP
1299 Pennsylvania Ave., NW
Suite 700
Washington, DC 20004
(202) 842-7800

KATHLEEN R. HARTNETT
COOLEY LLP
3 Embarcadero Center
20th Floor
San Francisco, CA 94111
(415) 693-2000

*Counsel for Appellee Jenner & Block LLP*

/s/ Paul D. Clement
PAUL D. CLEMENT
ERIN E. MURPHY
MATTHEW D. ROWEN
JOSEPH J. DEMOTT
CLEMENT & MURPHY, PLLC
706 Duke Street
Alexandria, VA 22314
(202) 742-8893

*Counsel for Appellee Wilmer Cutler Pickering Hale and Dorr LLP*

/s/ Donald B. Verrilli, Jr.
DONALD B. VERRILLI, JR.
ELAINE J. GOLDENBERG
GINGER D. ANDERS
JEREMY S. KREISBERG
KYLE A. SCHNEIDER
ESTHENA L. BARLOW
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
(202) 220-1100

BRAD D. BRIAN
HAILYN J. CHEN
ADAM B. WEISS
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, 50th Floor
Los Angeles, CA 90071
(213) 683-9100

*Counsel for Appellee Susman Godfrey LLP*

## CERTIFICATE OF COMPLIANCE

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule Appellate Procedure 32(f), this document contains 793 words.

2.     This document complies with the typeface requirements of Federal Rule of Appellate procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

3.     Pursuant to Circuit Rule 32(a)(2), I certify that all other signatories have authorized the undersigned counsel to submit this document on their behalf.

Dated:  January 26, 2026              */s/ Dane H. Butswinkas*
                                      DANE H. BUTSWINKAS

                                      *Counsel for Appellee Perkins Coie LLP*