**ORAL ARGUMENT SCHEDULED ON MAY 14, 2026**
**Nos. 25-5241, 25-5265, 25-5277, 25-5310**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

PERKINS COIE LLP,
*Plaintiff-Appellee,*

v.

U.S. DEPARTMENT OF JUSTICE, *et al.,*
*Defendants-Appellants,*

On appeal from the United States District Court
for the District of Columbia

**BRIEF OF *AMICI CURIAE* 595 LAW PROFESSORS**
**IN SUPPORT OF APPELLEES AND AFFIRMANCE**

BRIANNE HOLLAND-STERGAR
Holland-Stergar LLLP
526 E. Front Street
Missoula, MT 59802
(406) 243-2751
hollandstergarlllp@gmail.com

PHILLIP R. MALONE
MARK A. LEMLEY
Stanford Law School
559 Nathan Abbott Way
Stanford, CA 94305
(650) 725-6369
pmalone@law.stanford.edu

*Counsel for Amici Curiae*

# CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES

Pursuant to Circuit Rule 28(a)(1), *amici curiae* certify as follows.

## A. Parties and *Amici*

Except for the following, all parties, intervenors, and *amici* appearing before the district court and in this Court are listed in the Defendant-Appellant's brief filed March 6, 2026, at i-ii.

*Amici curiae* law professors listed in Appendix A to this brief.

*Amici curiae* America's Future, Gun Owners of America, Inc., Gun Owners Foundation, Judicial Action Group, and Conservative Legal Defense and Education Fund, who submitted an amicus brief on March 13, 2026.

## B. Rulings Under Review

References to the rulings at issue appear in the Defendants-Appellant's brief filed March 6, 2026, at ii.

## C. Related Cases

As far as counsel is aware, other than the case listed in the Defendant-Appellant's brief filed March 6, 2026, the cases on review were not previously before this Court or any other court, and there are no other related cases currently pending in this Court or in any other court.

# CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Circuit Rule 26.1(a), *amici* represent, through their undersigned counsel, that they are individual law professors and not a corporation, association, joint venture, partnership, syndicate, or other similar entity and thus have no parent corporations, and no publicly held company has a 10% or greater ownership interest in them.

*/s/ Phillip R. Malone*
Phillip R. Malone

## CERTIFICATE OF COUNSEL REGARDING
## NECESSITY OF SEPARATE AMICUS BRIEF

Pursuant to Circuit Rule 29(d), counsel states that a separate brief on behalf of law professors is necessary because this brief presents a different perspective than other briefs. *Amici* do not represent clients or political positions in this matter. Instead, this brief presents the perspectives that *Amici* Law professors bring as disinterested scholars of the Constitution, legal ethics, the history of the legal profession, and the rule of law. It also contributes their unique perspectives as legal educators who are responsible for training the next generation of attorneys and preparing them to zealously represent clients and causes without fear of reprisal and with respect for the rule of law. Amici expect that these perspectives will not be presented by other briefs.

Dated: April 2, 2026                    Respectfully submitted,


                                        */s/ Phillip R. Malone*
                                        Phillip R. Malone

                                        *Counsel for Amici Curiae*

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS AND RELATED CASES ................. i

CORPORATE DISCLOSURE STATEMENT ................................................ ii

CERTIFICATE OF COUNSEL REGARDING NECESSITY OF SEPARATE
AMICUS BRIEF ............................................................................................. iii

TABLE OF CONTENTS ................................................................................. iv

TABLE OF AUTHORITIES ........................................................................... vi

IDENTITY AND INTEREST OF *AMICI* .......................................................... 1

SUMMARY OF ARGUMENT ......................................................................... 1

ARGUMENT ................................................................................................... 6

   I.   The Orders Violate the First Amendment ........................................... 6

     A.  The Orders Constitute Unlawful Viewpoint Discrimination ......................... 6

     B. The Orders Are Especially Dangerous Insofar as They Seek to Insulate
       Government Actors from Legal Challenge ...................................... 11

     C. The Orders Place Unconstitutional Conditions on a Speaker's Access to
       Government Funds and Property. ...................................... 12

     D.  The Orders Violate the First Amendment's Petition Clause. ...................... 14

     E.  The Orders Are Not Merely Protected Speech by President Trump. ........... 16

  II.   The Orders Violate the Fifth and Sixth Amendments. ................................. 17

  III.  The Orders Threaten the Rule of Law. ......................................... 23

CONCLUSION .............................................................................................. 26

APPENDIX—LIST OF *AMICI*

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

## Cases

*New York Times v. United States*,
403 U.S. 713, 718 (1971)..................................................... 9

*Agency for International Aid v. Alliance for Open Society Institute*,
570 U.S. 205 (2013)........................................................ 13

*Arizona Free Enterprise Club's Freedom Club PAC v. Bennett*,
564 U.S. 721 (2011)......................................................... 8

*BE & K Const. Co. v. N.L.R.B.*,
536 U.S. 516 (2002)........................................................ 14

*Borough of Duryea, Pa. v. Guarnieri*,
564 U.S. 379 (2011)..................................................... 14, 15

*Faretta v. California*,
422 U.S. 806 (1975)..................................................... 17, 18

*Goldberg v. Kelly*,
397 U.S. 254 (1970)........................................................ 20

*Holloway v. Arkansas*,
435 U.S. 475 (1978)..................................................... 22, 23

*Kaley v. United States*,
571 U.S. 320 (2014)........................................................ 19

*Legal Services Corporation v. Velazquez*,
531 U.S. 533 (2001)............................................. 12, 13, 23, 24

*Luis v. United States*,
578 U.S. 5 (2016).......................................................... 19

*Marbury v. Madison*,
5 U.S. 137 (1803).......................................................... 6

*McCord v. Bailey*,
636 F.2d 606 (D.C. Cir. 1980)............................................. 20

*Mount Healthy City School Disrict Board of Education v. Doyle,*
429 U.S. 274 (1977)............................................................ 15, 16

*NAACP v. Button,*
371 U.S. 415 (1963)............................................................ 14, 20

*National Rifle Association v. Vullo,*
602 U.S. 175 (2024)........................................................2, 6, 8, 16

*Powell v. Alabama,* 287 U.S. 45 (1932)............................................ 3, 19

*Railroad Trainmen v. Virginia ex rel. Virginia State Bar,*
377 U.S. 1 (1964)................................................................... 20

*Rosenberger v. Rector and Visitors of the University of Virginia,*
515 U.S. 819 (1995)........................................................ 6, 7, 13, 14

*Strickland v. Washington,*
466 U.S. 668 (1984).............................................................. 19, 20

*Tennessee v. Lane,*
541 U.S. 509 (2004).............................................................. 14, 15

*Trump v. Hawaii,*
585 U.S. 667 (2018)................................................................ 8, 9

*United Mine Workers v. Illinois State Bar Association,*
389 U.S. 217 (1967)................................................................. 20

*United States v. Gonzalez-Lopez,*
548 U.S. 140 (2006)................................................................. 19

*Wood v. Georgia,*
450 U.S. 261 (1981)................................................................. 20

## Other Authorities

Alexis De Tocqueville, Democracy in America (Henry Reeve trans., 2002)
(1835)............................................................................. 23

David McGowan, *Fealty Oaths,* https://laweconcenter.org/resources/fealty-oaths/.. 25

Eugene Scalia, *John Adams, Legal Representation, and the "Cancel Culture,"* 44 HARV. J. L. & PUB. POL'Y 333, 334 (2021)........................................................ 8, 23

Hon. J. Michael Luttig, Address to the Am. Bar Ass'n Annual Meeting of the Nat'l Conf. of State Bar Leaders (Aug. 4, 2023) ........................................................ 23, 24

J.M. Beattie, *Scales of Justice: Defense Counsel and the English Criminal Trial in the Eighteenth and Nineteenth Centuries*, 9 L. & HIST. REV. 221 (1991) .............. 18

Katelyn Polantz, *The Chilling Effect of Trump's War Against the Legal Establishment*, CNN (Mar. 11, 2025).................................................................... 11

Michael S. Schmidt & Matthew Goldstein, *Head of Paul, Weiss Says Firm Would Not Have Survived Without Deal with Trump*, N.Y. TIMES (Mar. 23, 2025).......... 10

MODEL RULES OF PROF'L CONDUCT r. 1.2(b) (A.B.A. 2025)....................................... 8

MODEL RULES OF PROF'L CONDUCT r. 1.7(a) (A.B.A. 2025)...................................... 21

WILLIAM HOWARD TAFT, ETHICS IN SERVICE (1915)................................................. 25

# IDENTITY AND INTEREST OF *AMICI*

*Amici* 595 law professors submit this brief in support of Appellees to emphasize the threat that the President's four Executive Orders (the "Orders") reviewed by the district courts in this case present to the independence and integrity of the legal profession, the rights of clients to seek redress in the courts, and, by extension, the rule of law.[1] As scholars and experts in constitutional law, legal ethics, and the history of the legal profession, among other fields, we have a significant interest in ensuring that the principles of free speech, freedom of association, the right to petition the government, and the right to counsel are upheld. As educators, we have an interest in fostering the next generation of attorneys and in preparing them to zealously represent clients and causes without fear of reprisal. A full list of *amici* is provided in the Appendix.

# SUMMARY OF ARGUMENT

The President's Orders are self-declared acts of retribution that targeted law firms for representing clients and causes the President disfavors.[2] In inflicting this

---

[1] *Amici* law professors state that no counsel for a party has authored this brief in whole or in part and that no person or entity, other than *amici* law professors or their counsel, has made a monetary contribution to the preparation or submission of this brief. All parties have consented to the filing of this brief.

[2] While the district courts enjoined the operation of the Orders in full, JA1623–24; JA2207; JA2886–87; JA3535–36, this brief focuses on Sections 1, 3, and 5 of the Orders.

retribution, the Orders contradict centuries of precedent safeguarding free speech, the right of association, and the right to petition. These precedents establish that the First Amendment "prohibits government officials from 'relying on the threat of invoking legal sanctions and other means of coercion . . . to achieve the suppression' of disfavored speech." *Nat'l Rifle Ass'n v. Vullo*, 602 U.S. 175, 176 (2024) (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963)). Targeting law firms for representing clients and espousing views the President dislikes is viewpoint discrimination, plain and simple.

Nor should this Court credit the government's remarkable new argument on appeal that the injunctions against Section 1 of the Orders violate President Trump's First Amendment right to say whatever he wants. Nothing in the injunctions prevents the President from speaking. Rather, they properly enjoin the government from *punishing* the firms, depriving them of rights on the basis of the President's disagreement with their clients and their views.

The district courts correctly found that the Orders violate the Fifth and Sixth Amendments as well.[3] The Fifth and Sixth Amendments were designed to check

---

[3] The district courts deciding the challenges brought by Perkins Coie and WilmerHale found that those orders violated the Fifth and Sixth Amendments. JA1623–24; JA2877–78. The court overseeing Jenner & Block's challenge found that the order targeting that firm violated the First Amendment and declined to

executive power and to ensure a meaningful way to assert rights before a judicial authority. *Powell v. Alabama*, 287 U.S. 45, 61, 64–65 (1932). Forcing lawyers to bend to the preferences of federal officials robs clients of their right to counsel and introduces the very type of government interference in the administration of justice the Founders acted to prevent.[4]

Finally, the Orders threaten the rule of law. If the Orders are reinstated, it will be open season on lawyers who have dared to take on clients or causes the President or other officials don't like. This is no hypothetical threat. In the run-up to the election, the President posted on Truth Social that "WHEN I WIN, those people that CHEATED will be prosecuted to the fullest extent of the Law . . . . Please beware that this legal exposure extends to Lawyers . . . ." JA2461. Later, the President pledged before issuing the Order targeting Appellee Perkins Coie that it was merely among the first of "a lot of law firms that we're going to be going after." JA1988.

Indeed, in addition to the four Orders on appeal here, the President issued an

---

analyze its constitutionality under the Fifth and Sixth Amendments. JA2197–99; JA2207. Susman Godfrey did not challenge its order on Sixth Amendment grounds. JA3460–3479.

[4] The Orders violate the Constitution in multiple ways and pose a grave threat to the American justice system. This brief focuses on several of those violations—their violations of the First Amendment, the Fifth Amendment, the Sixth Amendment, and the threat they pose to the rule of law. Amici do not focus on the other grounds on which the district courts granted summary judgment, but that should not be taken as disagreement with those grounds.

additional executive order targeting another leading law firm, Paul, Weiss, Rifkind, Wharton & Garrison.[5] JA1978–81. But rather than challenge the order directed against it, Paul Weiss caved to the President's pressure, donating what the President described as "$40 million in pro bono legal services over the course of President Trump's term to support the Administration's initiatives" in exchange for the order's revocation. JA1993–94 (President Trump's Truth Social post); *see also* JA1996–97 (revoking original Executive Order targeting Paul Weiss). Eight other law firms similarly capitulated, promising to donate nearly $1 billion in uncompensated legal services to causes the President supports in order to stave off executive orders. Matthew Goldstein, *Five More Big Law Firms Reach Deals with Trump*, N.Y. TIMES (Apr. 11, 2025); Sam Baker, *Law Firms Pledge Almost $1 Billion in Free Work to Trump*, AXIOS (Apr. 12, 2025).

Faced with unanimous—and resounding—district court decisions blocking

---

[5] In addition, the President issued a March 22, 2025 memorandum, titled "Preventing Abuses of the Legal System and the Federal Court," which directs the Attorney General to, among other things, "seek sanctions against attorneys and law firms who engage in frivolous, unreasonable, and vexatious litigation against the United States" and "review conduct by attorneys or their law firms in litigation against the federal government" in order to identify any misconduct that might warrant further disciplinary action. JA1990–2000. In different circumstances, a directive to identify and address ethical misconduct among attorneys might be a reasonable exercise of Presidential authority. But, considered alongside his Executive Orders targeting the previously mentioned firms, the decision to deploy governmental resources toward heightened scrutiny of lawyers who challenge his administration warrants concern.

his unlawful orders, the President appeared to have temporarily paused his vendetta. But the administration's recent about-face in withdrawing this appeal and then immediately reinstating it suggests that President Trump may be intent on resuming his retributive campaign.[6]

The impact of the President's Orders reverberates far beyond the particular firms that were targeted. Going forward, a lawyer or law firm that is asked to represent a client on a matter that is likely to trigger the President's ire will have to weigh whether they are willing to be placed on the President's target list—and lose the business such a placement entails. They must also ask whether taking on a client of this sort, and whether zealously advocating on that client's behalf, will hurt other existing clients to whom ethical duties are owed. The Executive branch has no constitutional authority to use executive orders as a cudgel to beat the American legal system into submission.

Beyond the impact on clients and lawyers, orders of this type threaten the integrity of the judicial process, including the core role of judicial review. That anchor of our constitutional system cannot function when one person—regardless of

---

[6] The administration filed a motion to voluntarily dismiss this appeal on March 3, 2026. *See* Order, *Perkins Coie LLP v U.S. Dep't of Just., et al.*, No. 25-5241 (D.C. Cir. Mar. 16, 2026) (granting the government's motion to withdraw its request to voluntarily dismiss these appeals); *see also* Carrie Johnson, *Trump Administration Reverses Course on Law Firms, Vowing to Appeal*, NPR (Mar. 3, 2026). Less than twenty-four hours later, it reversed course without explanation. *See* Johnson, *supra*.

his position—is empowered to threaten and punish lawyers for zealously representing their clients in court. "The Government of the United States has been emphatically termed a government of laws, and not of men." *Marbury v. Madison*, 5 U.S. 137, 163 (1803). Let it not "cease to deserve this high appellation." *Id.*

*Amici* urge the Court to affirm the district courts' grants of summary judgment for Appellees.

## ARGUMENT

## I. The Orders Violate the First Amendment.

The Orders violate the First Amendment in at least four ways. First, the Orders single out a speaker and discriminate against it because of its views. Second, the Orders unconstitutionally control the speech and associational freedoms of lawyers engaged in legal work against the government. Third, the Orders impose unconstitutional conditions on a firm's access to government funding and property. Fourth, the Orders violate the Petition Clause.

### A. The Orders Constitute Unlawful Viewpoint Discrimination.

"At the heart of the First Amendment's Free Speech Clause is the recognition that viewpoint discrimination is uniquely harmful to a free and democratic society." *Vullo*, 602 U.S. at 187. Indeed, while the Supreme Court has long expressed deep skepticism toward all content-based speech restrictions, it has reserved its highest opprobrium for those based on viewpoint. As the Court has explained: "It is

6

axiomatic that the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector and Visitors of the Univ. of Va.*, 515 U.S. 819, 828 (1995). When the government rests its regulation on "particular views taken by speakers on a subject, the violation of the First Amendment is all the more blatant." *Id.* at 829.

The Orders' viewpoint discrimination is clear on their face. The Susman Godfrey order, for example, rebukes the firm for what the Order calls "weaponiz[ing] the American legal system," JA3145–48 ("Susman Order") § 1, and for representing causes the administration dislikes, including, in the Order's words, funding groups that "inject" into the military "political and racial ideology." *Id.* It also castigates Susman Godfrey for advancing specific views through its litigation. *Id.* (criticizing Susman Godfrey for litigating cases involving election laws). The Perkins Coie order criticizes the firm for representing candidates and private citizens whom the administration dislikes, including, in the Order's words, "failed Presidential candidate Hillary Clinton" and "activist donors including George Soros." JA487–89 ("Perkins Order") § 1. The Orders also castigate the firms for advancing specific views through its constitutional litigation. *See, e.g., id.* (criticizing Perkins Coie for litigating cases involving voter identification laws); Susman Order § 1 (same); JA2332–35 ("WilmerHale Order") § 1 (same); JA2011–14 ("Jenner Order") § 1 (criticizing Jenner's work in support of transgender

7

individuals). In doing so, the Orders punish the firms for advancing the viewpoints of their clients, despite the well-established premise that an attorney's decision to represent a client "does not constitute an endorsement of the client's political, economic, social or moral views or activities." MODEL RULES OF PROF'L CONDUCT r. 1.2(b) (A.B.A. 2025).[7]

When a governmental action burdens speech because of its content, the action is reviewed pursuant to strict scrutiny, "which requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest." *Arizona Free Enter. Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 734 (2011) (quoting *Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 340 (2010)).

The President's Orders targeting his political opponents cannot survive strict scrutiny. To begin, discriminating against one's political enemies is not a permissible purpose. "Government officials cannot attempt to coerce private parties in order to punish or suppress views that the government disfavors." *National Rifle Ass'n v. Vullo*, 602 U.S. 175, 180 (2024). Indeed, an act that "seem[s] 'inexplicable

---

[7] *See also* Eugene Scalia, *John Adams, Legal Representation, and the "Cancel Culture*," 44 HARV. J.L. & PUB. POL'Y 333, 337 (2021) ("[I]ndependence of the lawyer from his client is integral to the freedom and autonomy that are among the privileges of private practice, and it is essential to lawyers' effective performance of their role in our system of justice.").

by anything but animus'" cannot survive even rationality review. *Trump v. Hawaii*, 585 U.S. 667, 706 (2018) (quoting *Romer v. Evans*, 517 U.S. 620, 632 (1996)). Nor can the Orders be justified by the President's invocation of "the authority vested in me as President by the Constitution and the laws of the United States of America." *E.g.,* Perkins Order, pmbl. The President is, by his oath of office (and by the Constitution), bound by the dictates of the Bill of Rights, and has no unilateral power to single out and punish speakers based on nebulous criteria of his own making.[8]

Today, Appellees have fallen into the President's disfavor. Tomorrow, it could be any one of us whose speech the President unilaterally deems antithetical to "the interests of the United States" because that person or organization has chosen to litigate against him. *E.g.* Susman Order § 1; Perkins Coie Order § 5; Jenner Order § 1; Wilmer Order § 1. And the threat is far from hypothetical. As noted at the outset, the President has vowed to "go[] after . . . a lot of law firms." JA1988. Indeed, the President already targeted other law firms through separate executive actions, including Paul Weiss, JA1978–81, and Covington & Burling LLP, JA1950–51.

To the extent the President expected that these orders would cause the firms in question to bend to his will, he has been proven correct: Paul Weiss, fearing it

---

[8] In *New York Times v. United States*, Justice Black observed that the government's power in this area is particularly weak when "[t]he Government does not even attempt to rely on any act of Congress." 403 U.S. 713, 718 (1971) (Black, J., concurring).

would be unable to "survive a protracted dispute with the administration," agreed to donate the equivalent of $40 million in uncompensated legal services toward causes consistent with the President's agenda. *See* Michael S. Schmidt & Matthew Goldstein, *Head of Paul, Weiss Says Firm Would Not Have Survived Without Deal with Trump*, N.Y. TIMES (Mar. 23, 2025) (quoting Paul Weiss Chairman Brad Karp). In exchange, the President revoked the relevant Executive Order. *Id.*; *see also* JA1996–97 (revoking Executive Order targeting Paul Weiss, citing the firm's decision to donate its legal services).

To stave off similar orders, other major firms have preemptively capitulated to the President. Eight other firms, including three that were then-ranked in the top ten firms nationwide in terms of gross revenues and industry prestige,[9] donated an additional $900 million in legal services toward the President's favored causes to avoid being subjected to analogous executive action.[10] *See* Baker, *supra.* As the President himself has said, "They're all bending and saying, 'Sir, thank you very

---

[9] *See* 2025 Am Law 100, THE AMERICAN LAWYER (Apr. 15, 2025) (ranking firms by gross revenues, among other metrics); 2025 Vault Law 100, VAULT (last visited Apr. 18, 2025) (ranking the most prestigious law firms based on the assessments of lawyers at peer firms).

[10] Those firms are Skadden, Arps, Meagher & Flom ($100 million); Willkie Farr & Gallagher ($100 million); Milbank ($100 million); Latham & Watkins ($125 million); Simpson Thacher & Bartlett ($125 million); Kirkland & Ellis ($125 million); A&O Shearman ($125 million); and Cadwalader, Wickersham & Taft ($100 million). *See* Baker, *supra.*

much.'" JA2704.

The chilling impact of the President's actions is not limited to the firms the President has targeted; it has cast a shadow over the legal profession at large. In the wake of the Orders, firms across the country have declined to represent clients and causes the President disfavors. *See* JA2698–2701 (reporting that potential clients seeking representation in actions adverse to the President have had difficulty finding representation); Katelyn Polantz, *The Chilling Effect of Trump's War Against the Legal Establishment*, CNN (Mar. 11, 2025) (reporting on the "chilling" effect of the President's executive actions toward law firms). Lawyers have been cowed into submission, incentivized to stay quiet, toe the line, and cave to the President's demands—lest they and their clients be punished. That is not surprising. As the Supreme Court recognized in *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), which held illegal a government list of "objectionable" books even though the commission that issued the list had no direct enforcement power, "[p]eople do not lightly disregard public officers' thinly veiled threats" of legal action. *Id*. at 68. And if that is true of a state advisory commission, it is surely more true of the President of the United States.

### B. The Orders Are Especially Dangerous Insofar as They Seek to Insulate Government Actors from Legal Challenge.

Although viewpoint discrimination is hardly ever tolerated, it is especially dangerous when government officials wield it to insulate themselves from legal

scrutiny. The Supreme Court expressed just this concern in *Legal Services Corp. v. Velazquez*, 531 U.S. 533 (2001). In *Velazquez*, the Court invalidated a federal statute that prohibited Legal Services Corporation (LSC)-funded attorneys from challenging federal or state welfare laws. *Id.* at 537–49. The restriction, said the Court, impermissibly "distort[ed] the legal system by altering the traditional role of attorneys" as zealous advocates for their clients. *Id*. at 544. And, to make matters worse, it "insulate[d] the Government's interpretation of the Constitution from judicial challenge," *id*. at 548, thus implicating "central First Amendment concerns," *id*. at 547.

The Orders in this case are considerably more troubling than the statute invalidated in *Velazquez*. Through these Orders, the President sought to arrogate to himself the power to single out lawyers and law firms who cross him, simply by declaring their legal work, past or present, contrary to the national interest. *See* Orders § 5. If the Orders are reinstated, the zealous advocacy that is the hallmark of a functioning court system will be chilled in dramatic ways, as lawyers tiptoe fearfully away from disfavored views and clients.

### C. The Orders Place Unconstitutional Conditions on a Speaker's Access to Government Funds and Property.

The Orders seek to punish Appellees in numerous ways, including terminating their government contracts, *e.g.*, Orders § 3(b); threatening the contracts of those who do business with them, *id.* §§ 3(a), 3(b); precluding every single firm employee

from working for a federal agency in the future (absent a waiver), *id.* § 5(b); and limiting firm lawyers' access to federal government buildings (potentially including courthouses), *id*. § 5(a). These provisions run afoul of well-established limitations on the government's power to condition benefits on the viewpoint of a recipient.

Indeed, *Velazquez* itself involved a condition on government funding of lawyers' work. The statutory prohibition on LSC-funded lawyers' constitutional arguments applied only to certain congressionally funded legal services (namely, constitutional challenges to welfare laws). *Velazquez*, 531 U.S. at 537–39. The Court concluded, nonetheless, that Congress could not condition funding on viewpoint-based restrictions that distorted the very "medium of expression"—litigation and representation of clients—through which the funded expression took place. *Id*. at 543.

*Velazquez* fits within a broader framework that the Court has created for evaluating speech-based conditions on accessing public property, programs, or funds. This framework establishes that the government may not dictate private speakers' viewpoints as a condition of allowing them to access such resources. *See Agency for Int'l Dev. v. Alliance for Open Society Inst.*, 570 U.S. 205, 214 (2013) ("[T]he Government may not deny a benefit to a person on a basis that infringes his constitutionally protected freedom of speech even if he has no entitlement to that benefit.") (cleaned up). The government "offends the First Amendment when it

imposes financial burdens on certain speakers based on the content of their expression." *Rosenberger*, 515 U.S. at 828. The Orders run well afoul of this essential bar on viewpoint-based conditions.

### D. The Orders Violate the First Amendment's Petition Clause.

The Orders also violate the Petition Clause. The First Amendment forbids "abridging" the "right of the people" to "petition the Government for a redress of grievances." The Supreme Court has "recognized this right to petition as one of the most precious of the liberties safeguarded by the Bill of Rights" and has "explained that the right is implied by the very idea of a government, republican in form." *BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 524–25 (2002) (cleaned up). The Court has repeatedly held that the right of access to courts can implicate "the protections of the Petition Clause." *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 387 (2011); *NAACP v. Button*, 371 U.S. 415, 429-30 (1963) ("[L]itigation may well be the sole practicable avenue open to a minority to petition for redress of grievances.").

The Orders directly interfere with access to the courts. They direct federal officials to "limit[] official access from Federal Government buildings to employees" of Appellee firms to the extent permitted by law, whenever such access would "be inconsistent with the interests of the United States." Orders § 5(a). The Supreme Court has treated physical access to courthouses as an aspect of "the fundamental right of access to the courts." *Tennessee v. Lane*, 541 U.S. 509, 533–34

(2004). The gauzy "interests of the United States" are insufficient to threaten Appellees' access to federal courthouses and administrative agencies, or to other government buildings where they seek to meet to further their clients' interests.

Further, the Orders retaliate against Appellees for positions they have taken in litigation against government actors—most notably in representing individuals in election law cases (termed "degrad[ing] American elections"), *see, e.g.*, Susman Order § 1, or representing President Trump's political opponents, Perkins Order § 1. This Court should not permit the President to punish firms for their past actions in petitioning the government for redress of its clients' interests. Such retaliation against lawful petitioning itself runs afoul of the Petition Clause. *See Borough of Duryea*, 564 U.S. at 387 (holding that retaliation by government employees can violate the Petition clause); *see also Nader v. Democratic Nat'l Comm.*, 567 F.3d 692, 696 (D.C. Cir. 2009) ("[W]hen a person petitions the government for redress, the First Amendment prohibits any sanction on that action . . . so long as the petition was in good faith.").

Under the test announced by the Supreme Court in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977), the Appellee law firms are entitled to relief on their First Amendment claims if they "show that [their] conduct was constitutionally protected, and that this conduct was a 'substantial factor' or to put it in other words, that it was a 'motivating factor'" in the challenged

decisions, unless the Government can show "by a preponderance of the evidence that it would have reached the same decision . . . even in the absence of the protected conduct." *Id.* at 287. Here, Appellees' representation of clients and causes the President dislikes is plainly a motivating factor for the actions in the Orders.

**E.     The Orders Are Not Merely Protected Speech by President Trump.**

The government attempts to justify Section 1 of the Orders on the grounds that they are merely "precatory" and reflect Donald Trump's protected free speech. Not so. Donald Trump the private citizen and political candidate, and even President Trump the government official, is free to criticize whomever he wants. He is not, however, free to deprive Appellees and others of their legal rights because he doesn't like them. "A government official can share her views freely and criticize particular beliefs, and she can do so forcefully in the hopes of persuading others," relying on "the merits and force of her ideas, the strength of her convictions, and her ability to inspire others." *Vullo*, 602 U.S. at 188. "What she cannot do, however, is use the power of the State to punish or suppress disfavored expression." *Id.* Here, as in *Vullo*, the government official's statements were not simply "permissible government speech." *Id.* at 195.

The Executive Orders bear their animus on their face, and that animus is explicitly the thing that motivated the government to punish the law firms. A right of the government to speak does not somehow convey governmental power to

violate the law by targeting political opponents. As this Court, sitting en banc, said in rejecting an analogous argument as "border[ing] upon the frivolous":

> The company claims an absolute and unfettered right to use its intellectual property as it wishes: "[I]f intellectual property rights have been lawfully acquired," it says, then "their subsequent exercise cannot give rise to antitrust liability." [citation omitted]. That is no more correct than the proposition that use of one's personal property, such as a baseball bat, cannot give rise to tort liability. As the Federal Circuit succinctly stated: "Intellectual property rights do not confer a privilege to violate the antitrust laws."

*United States v. Microsoft Corp.*, 253 F.3d 34, 63 (D.C. Cir. 2001) (en banc). Nor does President Trump's freedom to speak confer on the government a privilege to violate the First Amendment. Inscribing Donald Trump's views on a baseball bat would not immunize its use as a cudgel.

## II. The Orders Violate the Fifth and Sixth Amendments.

The Orders also violate the Fifth and Sixth Amendments because they trample on clients' right to select a lawyer free of government intervention. The right to counsel of choice is a bedrock principle of our constitutional order. That right would be meaningless if the Executive branch of the federal government could decide who represents—and who doesn't represent—its adversaries in court.

The "notion of compulsory counsel," *i.e.*, forcing a party to accept a particular lawyer, "was utterly foreign" to the Founders. *Faretta v. California*, 422 U.S. 806, 833 (1975). "[W]hatever else may be said of those who wrote the Bill of Rights, surely there can be no doubt that they understood the inestimable worth of free

choice." *Id.* at 833–34.

The Founders were well aware that executive control of access to counsel could distort the administration of justice. The English system against which the Sixth Amendment right to counsel was established featured "[a]n inherent imbalance in favor of the prosecution" to protect the Crown's interest in ensuring conviction of accused felons. J.M. Beattie, *Scales of Justice: Defense Counsel and the English Criminal Trial in the Eighteenth and Nineteenth Centuries*, 9 L. & HIST. REV. 221, 222 (1991). "The justices of the peace were to deal with felony accusations as agents of the king, not as judicial officers . . . [and] the accused had few rights." *Id.* at 222–23. In the eyes of the Crown, "defense counsel was not only unnecessary, but positively harmful." *Id.* at 223.

Gradually, a right to counsel in felony cases emerged in England. It found its roots in the Treason Act of 1696, which required the presence of defense counsel in response to the obvious "unfairness of a procedure under which the case for the Crown was presented by lawyers, often by the attorney general, while defendants were on their own." *Id.* at 224. Providing counsel in treason cases was a critical first step toward ensuring that the Crown's politically motivated invocations of safety and security to justify criminal prosecution would be tested by a zealous advocate for the accused.

Experience with the inequities of the English system prompted Americans to

enshrine the right to counsel in fundamental law. "As early as 1758," Blackstone had "denounced" the prohibition of counsel in felony cases, and in America, "at least twelve of the thirteen colonies" had "definitely rejected" the English prohibition. *Powell v. Alabama*, 287 U.S. 45, 60–61, 64–65 (1932). The "oppressive" English rule, the Supreme Court has emphasized, "never obtained a foothold" here. *Id.* at 65 (quoting *Holden v. Hardy*, 169 U.S. 366, 386 (1898)).

The Founders emphatically rejected the English Rule in the Constitution. The Sixth Amendment secures the accused's right "to be defended by the counsel he believes to be the best." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 146 (2006); *see also Luis v. United States*, 578 U.S. 5, 11 (2016) ("[T]he Sixth Amendment grants a defendant 'a fair opportunity to secure counsel of his own choice.'") (quoting *Powell*, 287 U.S. at 53); *Kaley v. United States*, 571 U.S. 320, 336 (2014) (remarking that defendants "have a vital interest" in "the constitutional right to retain counsel of their own choosing"). "The right to select counsel of one's choice . . . has been regarded as the root meaning of the constitutional guarantee." *Gonzalez-Lopez*, 548 U.S. at 147–48.

Critically, the Constitution secures that right *precisely* to prevent the government from controlling the loyalty, quality, and vigor of the defense. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984) ("Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel

to make independent decisions about how to conduct the defense."). Indeed, in criminal cases, the Supreme Court has recognized that "[w]here a constitutional right to counsel exists, our Sixth Amendment cases hold that there is a correlative right to representation that is free from conflicts of interest." *Wood v. Georgia*, 450 U.S. 261, 271 (1981); *see also McCord v. Bailey*, 636 F.2d 606, 618 n.2 (D.C. Cir. 1980) (Wald, J., concurring in part and dissenting in part) ("The right to the undivided loyalty of one's attorney is 'absolute' in the sense that it does not depend on one's guilt or innocence. That duty of loyalty is a crucial factor in the success of our adversary system of justice.").

In civil matters, the Due Process Clause of the Fifth Amendment protects litigants' access to counsel.[11] "'[T]he right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel.'" *Goldberg v. Kelly*, 397 U.S. 254, 270 (1970) (quoting *Powell*, 287 U.S. at 68–69) (holding that the party opposing the government in an administrative proceeding generally "must

---

[11] Actions that abridge an individual's or entity's selection of counsel also violate the First Amendment. *See United Mine Workers v. Ill. State Bar Ass'n*, 389 U.S. 217, 223–25 (1967) (holding that prohibitions on a union's ability to hire attorneys on a salaried basis violated the First Amendment); *Railroad Trainmen v. Va. ex rel. Va. State Bar*, 377 U.S. 1, 5–7 (1964) (holding that the First Amendment protected a union's ability to recommend attorneys to its members); *NAACP v. Button*, 371 U.S. 415, 438–445 (1963) (invalidating, on First Amendment grounds, a law prohibiting civil rights groups from engaging in public interest litigation).

be allowed to retain an attorney if he so desires").[12] Interference with the free choice of counsel and disruption of existing attorney-client relationships in civil cases carries similar costs to the impartial, fair, and accurate administration of justice as it does in criminal cases. Legal ethics rules fortify this constitutional requirement by restricting a lawyer's ability to represent clients when their loyalties are divided. The American Bar Association's Model Rules provide that, with certain exceptions, "a lawyer shall not represent a client if . . . there is a significant risk that the representation . . . will be materially limited by the lawyer's responsibilities to . . . a third person or by the personal interest of the lawyer." MODEL RULES OF PRO. CONDUCT r. 1.7(a) (A.B.A. 2025).[13]

By making loyalty to the whims of federal officeholders a practical condition of counsels' availability to serve a client, the Orders violate the Fifth Amendment. The risks to a law firm subject to these Orders are significant: loss of, among other things, access to any "[g]overnment goods, property, material, and services,"

---

[12] Just as the freedom to choose counsel is protected by the Fifth Amendment, so too does the Fifth Amendment prohibit the Government from unlawfully infringing upon a lawyer's right to practice their chosen profession. *See Bd. of Regents v. Roth*, 408 U.S. 564, 576 n.15 (1972) (discussing *Goldsmith v. Bd. of Tax Appeals*, 270 U.S. 117 (1926)).

[13] A lawyer's representation of a client can certainly be "materially limited . . . by the personal interests of the lawyer" when the lawyer operates in a climate of fear of Presidential retribution if a particular argument is met with disfavor. *Id.*

government contracts, access to government buildings (presumptively including courts) unless specifically authorized, and the firm's clients' loss of *their* government contracts. Orders §§ 2, 3, 5. That is not to mention the risk that employees of such a firm cannot be hired by any government agency absent a waiver from the head of the agency, made in consultation with the Director of the Office of Personnel Management. Orders § 5(b). Many lawyers will find these risks to themselves and their clients to be unacceptably high. They will instead avoid cases and clients that touch on issues that might anger the President—or (perhaps worse) avoid raising arguments that may incur the President's wrath.

The Orders eviscerate the client's right to a lawyer whose fidelity is undivided, run roughshod over the Fifth and Sixth Amendments, and revive precisely the system of abuse of centralized power which the Founders rejected. By threatening attorneys' livelihood for their having spoken out against the preferred policy positions of a sitting President, the Orders are intended to—and will—cow attorneys into silence, depriving clients of rights secured by the Fifth and Sixth Amendments. An attorney whose "lips" are "sealed . . . on crucial matters" for fear that she will provoke the ire of the Executive, is no attorney at all. *See Holloway v. Arkansas*, 435 U.S. 475, 490 (1978) (commenting, in a case where a single attorney represented multiple defendants with conflicting interests, "[t]he mere physical presence of an attorney does not fulfill the Sixth Amendment guarantee when the

advocate's conflicting obligations have effectively sealed his lips on crucial matters.").

**III.    The Orders Threaten the Rule of Law.**

That the Orders violate core First, Fifth, and Sixth Amendment rights by restricting the ability of Appellees and their clients to participate in the legal system is cause enough for the Court to affirm the decisions below. But the Orders also pose a broader threat to the rule of law.

Lawyers play an essential role in upholding America's democratic institutions. As Alexis de Tocqueville observed in the early days of the Republic, lawyers' ability to vindicate the rights of their clients and their attachment to the Constitution and laws serves as "the most powerful existing security against the excesses of democracy." ALEXIS DE TOCQUEVILLE, DEMOCRACY IN AMERICA 301 (Henry Reeve trans., 2002) (1835). The role of lawyers in fighting governmental abuses is no less essential to the rule of law and an independent judiciary today than it was then. *See Velazquez*, 531 U.S. at 545 ("An informed, independent judiciary presumes an informed, independent bar."). "Intolerance and pressure to suppress ideas that may be unwelcome to some poses a special threat to the legal profession." Scalia, *supra* at 334. "One of the great traditions of the profession is respect for the right to representation of those with whom we disagree, and even to undertake that representation ourselves." *Id.*; *see also* Hon. J. Michael Luttig, Address to the Am.

Bar Ass'n Annual Meeting of the Nat'l Conf. of State Bar Leaders (Aug. 4, 2023) (recognizing that lawyers are "uniquely qualified and obligated to defend our Constitution, [r]ule of [l]aw, and [d]emocracy").

Courts must maintain unwavering "vigilance" when the government "imposes rules and conditions" on attorneys that restrict their ability to effectively represent their clients, particularly when such restrictions "in effect insulate its own laws from legitimate judicial challenge." *Velazquez*, 531 U.S. at 544. Restricting attorneys "in advising their clients and in presenting arguments and analyses to the courts distorts the legal system by altering the traditional role of the attorneys." *Id.* And, chilling attorneys alters the basic role of the courts in a government that relies on judicial review to protect constitutional rights. In an adversarial system, courts consider issues only when lawyers have presented them. Limits on lawyers readily become limits on courts.

The Orders are a blatant attempt to hamstring attorneys' ability to zealously represent clients—and, particularly, clients who seek to challenge the Executive's authority. At the most basic level, the President seeks to interfere not only with prospective federal contractors' counsel of choice, but with the rights of Appellees' existing clients involved in civil and criminal matters with the government, and with the firms' constitutional and ethical obligations to clients in such cases.

But the threat from the Orders goes far beyond Appellees and their clients.

Under the specter of the Orders, any firm that has, or hopes to retain, clients who contract with the federal government will have to shape its practice to meet the whims of the President. By the same token, clients who want to stay in the President's good graces will either drop a firm or demand that the firm drop other clients perceived to be enemies of the President.

That is not just a threat to lawyers and their clients; it is a threat to the judicial system and the rule of law as a whole. "Historically, threats to lawyers have been an integral part of constricting judicial power." David McGowan, *Fealty Oaths*, at 49, https://laweconcenter.org/resources/fealty-oaths/. As Justice Taft, who served both as President and Chief Justice, put it, "an attack upon the courts is an attack upon our profession, and an attack upon our profession is equally an attack upon the courts." WILLIAM HOWARD TAFT, ETHICS IN SERVICE 1 (1915).

The challenged Orders name only a few law firms, but in so doing, they dangle a Sword of Damocles over all those who refuse to place loyalty to the President above the interests of their clients and the law. They seek to destroy a functional bar that ensures the government follows the law, substituting instead a bar that is, at best, reluctant to challenge the government, and, at worst, one that is a plaything of the party in power. That sword has already fallen on a dozen other firms, *see supra* pages 9–11. This Court should affirm the rulings of the district courts and stop this abuse of executive power before it goes any further.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court affirm the district courts' grants of summary judgment.

Dated: April 2, 2026

Respectfully submitted,

 /s/ *Phillip R. Malone*
Phillip R. Malone
559 Nathan Abbott Way
Stanford, CA 94305
Telephone: (650) 725-6369
Fax: (650)-723-4426
pmalone@law.stanford.edu

*Counsel for Amici Curiae*

# APPENDIX A

## LIST OF *AMICI CURIAE* LAW PROFESSORS

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Mark N. Aaronson**
Professor of Law Emeritus
UC College of the Law, San Francisco

**Richard L. Abel**
Connell Distinguished Professor of Law Emeritus & Distinguished Research Professor
UCLA School of Law

**David Abraham**
Professor Emeritus of Law
University of Miami School of Law

**Jamie R. Abrams**
Professor of Law
American University Washington College of Law

**Kathryn R. Abrams**
Herma Hill Kay Distinguished Professor Law
University of California, Berkeley Law School

**Deborah Ahrens**
Professor of Law
Seattle University School of Law

**Janet C. Alexander**
Frederick I. Richman Professor of Law Emerita
Stanford Law School

**Anthony V. Alfieri**
Michael R. Klein Distinguished Scholar Chair & Professor of Law
University of Miami School of Law

**Hilary J. Allen**
Professor of Law
American University Washington College of Law

**Jessie Allen**
Professor of Law
University of Pittsburgh School of Law

**Rebecca Allensworth**
Professor of Law
Vanderbilt Law School

**Sean M. Anderson**
Teaching Professor
University of Illinois College of Law

**Rachel J. Anderson**
Professor of Law
UNLV William S. Boyd School of Law

**Claudia Angelos**
Professor of Law
New York University School of Law

**John S. Applegate**
James Louis Calamaras Professor of Law
Indiana University Maurer School of Law

**Jonathan Askin**
Professor of Clinical Law
Brooklyn Law School

**Emad H. Atiq**
Professor of Law & Philosophy
Cornell Law School

**Kif Augustine-Adams**
Professor
BYU J. Reuben Clark Law School

**Rebecca J. Aviel**
Professor
University of Denver Sturm College of Law

**Gilat J. Bachar**
Professor
Temple University Beasley School of Law

**Carlos A. Ball**
Distinguished Professor of Law
Rutgers Law School

**W. David Ball**
Professor
Santa Clara University School of Law

**Beverly Balos**
Clinical Professor of Law Emerita
University of Minnesota Law School

**Derek E. Bambauer**
Irving Cypen Professor of Law
University of Florida Levin College of Law

**Brad M. Baranowski**
Visiting Assistant Professor
Boston University School of Law

**Christine P. Bartholomew**
Professor of Law
University at Buffalo School of Law

**Mark Bartholomew**
Professor of Law
University at Buffalo School of Law

**Benjamin H. Barton**
Professor
The University of Tennessee Winston
College of Law

**Jon Bauer**
Clinical Professor of Law & Richard D.
Tulisano '69 Scholar in Human Rights
University of Connecticut School of Law

**Jeremy P. E. Bearer-Friend**
Associate Professor of Law
The George Washington University Law
School

**Edith Beerdsen**
Associate Professor of Law
Temple University, Beasley School of Law

**Steven W. Bender**
Professor of Law
Seattle University School of Law

**Lenni B. Benson**
Distinguished Chaired Professor
Immigration and Human Rights Law
New York Law School

**Anna L. Benvenue**
Associate Clinical Professor of Law
Santa Clara University School of Law

**Jessica J. Berch**
Teaching Professor
Sandra Day O'Connor College of Law,
Arizona State University

**Eric Berger**
Earl Dunlap Distinguished Professor of Law
University of Nebraska College of Law

**Linda L. Berger**
Professor of Law Emerita
UNLV Boyd School of Law

**Vivian Berger**
Nash Professor of Law Emerita
Columbia Law School

**Paul Schiff Berman**
Walter S. Cox Professor of Law
The George Washington University Law
School

**Francesca E. Bignami**
Leroy Sorenson Merrifield Research
Professor of Law
The George Washington University Law
School

**Laura M. Bingham**
Professor of Practice
Temple University Beasley School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Brian H. Bix**
Frederick W. Thomas Professor of Law and Philosophy
University of Minnesota

**Natalia V. Blinkova**
Associate Professor, Fundamentals of Lawyering
The George Washington University Law School

**Carl T. Bogus**
Professor of Law Emeritus
Roger Williams University School of Law

**Kathryn N. Boling**
Assistant Professor of Law
Seattle University School of Law

**Alexander A. Boni-Saenz**
Professor of Law
University of Minnesota Law School

**Vincent Martin Bonventre**
Justice Robert Jackson Distinguished Professor
Albany Law School

**Richard A. Boswell**
Professor of Law
UC College of the Law, San Francisco

**Deborah Brake**
Professor of Law
University of Pittsburgh School of Law

**Ben Bratman**
Professor of Legal Writing
University of Pittsburgh School of Law

**Cheryl S. Bratt**
Associate Professor of the Practice
Boston College Law School

**Robert F. Brauneis**
Professor of Law
The George Washington University Law School

**Michael B. Bressman**
Professor in the Practice of Law
Vanderbilt University Law School

**Paul Brest**
Professor Emeritus
Stanford Law School

**Juliet M. Brodie**
Professor of Law
Stanford Law School

**Mark S. Brodin**
Professor
Boston College Law School

**Chaz D. Brooks**
Assistant Professor of Law
American University Washington College of Law

**Eleanor M. Brown**
Professor
Fordham University School of Law

**Fred B. Brown**
Professor of Law and Director of the Graduate Tax Program
University of Baltimore School of Law

**Karen B. Brown**
Professor of Business Law
George Washington University Law School

**Mark R. Brown**
Newton D. Baker/Baker & Hostetler Chair
Capital University Law School

**Alan E. Brownstein**
Professor of Law Emeritus
University of California Davis School of Law

**James J. Brudney**
Professor of Law
Fordham University School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

3

**Scott Burris**
Professor and Director, Center for Public Health Law Research
Temple University Beasley School of Law

**J. Anna Cabot**
Assistant Dean of Clinical Programs
University of Houston Law Center

**Daniel J. Canon**
Director of Externships
University of Louisville, Louis D. Brandeis School of Law

**June R. Carbone**
Robina Chair in Law, Science and Technology
University of Minnesota

**W. Jonathan Cardi**
Judge Donald L. Smith Professor of Law
Wake Forest University School of Law

**Susan D. Carle**
Distinguished Professor of Law
American University Washington College of Law

**Ann E. Carlson**
Shapiro Professor of Environmental Law
UCLA School of Law

**Angela C. Carmella**
Professor of Law
Seton Hall University School of Law

**David J. Carney**
Professor
Case Western Reserve University School of Law

**Leonore F. Carpenter**
Associate Professor of Law
Rutgers Law School, Camden

**Erin M. Carr**
Assistant Professor of Law
Seattle University School of Law

**Gilbert P. Carrasco**
Professor of Law Emeritus
Willamette University School of Law

**Michael W. Carroll**
Professor of Law
American University Washington College of Law

**William M. Carter, Jr.**
Professor of Law
University of Pittsburgh School of Law

**Tara L. Casey**
Professor
University of Richmond School of Law

**Zachary Catanzaro**
Assistant Professor of Law
Widener University Delaware Law School

**Christine Cerniglia**
Professor
Stetson College of Law

**Martha Chamallas**
Distinguished University Professor
Ohio State University, Moritz College of Law

**Elizabeth Chambliss**
Henry Harman Edens Professor of Law & Director, NMRS Center on Professionalism
University of South Carolina Rice School of Law

**Anupam Chander**
Professor of Law
Georgetown University

**Bernard Chao**
Professor
University of Denver Sturm College of Law

**Matthew H. Charity**
Professor of Law
City University of New York School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Copeland Charlton**
Professor of Law
University of Miami Law School

**Mary M. Cheh**
Elyce Zenoff Research Professor of Law
George Washington University Law School

**Erwin Chemerinsky**
Dean & Jesse H. Choper Distinguished
Professor of Law
University of California, Berkeley School of
Law

**Alan K. Chen**
Thompson G. Marsh Law Alumni Professor
University of Denver Sturm College of Law

**Ronald K. Chen**
University Professor and Distinguished
Professor of Law
Rutgers Law School

**Carol L. Chomsky**
Professor Emerita
University of Minnesota Law School

**Margaret Chon**
Donald & Lynda Horowitz Professor for the
Pursuit of Justice
Seattle University School of Law

**Ralph D. Clifford**
Professor Emeritus of Law
Univ. of Massachusetts School of Law

**Morgan Cloud**
Charles Howard Candler Professor of Law
Emeritus
Emory University

**Wilfred U. Codrington III**
Walter Floersheimer Professor of
Constitutional Law
Benjamin N. Cardozo School of Law

**Julie E. Cohen**
Mark Claster Mamolen Professor of Law &
Technology
Georgetown University Law Center

**David S. Cohen**
Professor of Law
Drexel Kline School of Law

**Laura Cohen**
Professor of Law & Justice Virginia Long
Scholar
Rutgers Law School

**Carl H. Coleman**
Professor of Law
Seton Hall Law School

**Matthew A. Coles**
Professor of Practice
UC College of the Law, San Francisco

**Dree Collopy**
Practitioner in Residence
American University Washington College of
Law

**Anna G. Cominsky**
Professor of Law
New York Law School

**Daniel O. Conkle**
Professor of Law Emeritus
Indiana University Maurer School of Law

**Jorge L. Contreras**
Distinguished University Professor
University of Utah S.J. Quinney College of
Law

**Elizabeth Cooper**
Professor
Fordham University School of Law

**Caroline Mala Corbin**
Professor of Law
University of Miami School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Roberto L. Corrada**
Professor of Law
University of Denver Sturm College of Law

**Christopher A. Cotropia**
David Weaver Research Professor of Law
The George Washington University Law
School

**Thomas F. Cotter**
Professor of Law
University of Minnesota Law School

**Avidan Y. Cover**
Professor
Case Western Reserve University School of
Law

**Courtney M. Cox**
Associate Professor of Law
Fordham University School of Law

**Janice L. Craft**
Professor of Law, Legal Practice
University of Richmond School of Law

**Karen H. Cross**
Professor Emerita
University of Illinois Chicago School of
Law

**Leigha C. Crout**
Assistant Professor of Law
DePaul University College of Law

**Catherine N. Crump**
Clinical Professor of Law
University of California, Berkeley School of
Law

**Scott L. Cummings**
Robert Henigson Professor of Legal Ethics
UCLA School of Law

**Stephanie Dangel**
Professor of Practice
University of Pittsburgh School of Law

**Angela J. Davis**
Distinguished Professor of Law Emerita
American University Washington College of
Law

**Martha F. Davis**
University Distinguished Professor
Northeastern University School of Law

**Peggy C. Davis**
Shad Professor of Law Emeritus
New York University School of Law

**John C. Dehn**
Associate Professor of Law
Loyola University Chicago School of Law

**Laura A. Dickinson**
Lyle T. Alverson Professor of Law
The George Washington University Law
School

**Jennifer T. Dierks**
Clinical Professor of Law
University of Missouri-Kansas City School
of Law

**J. Amy Dillard**
Associate Professor of Law
University of Baltimore School of Law

**Robert D. Dinerstein**
Professor of Law Emeritus
American University Washington College of
Law

**Graeme B. Dinwoodie**
University Distinguished Professor of Law
Chicago-Kent College of Law

**William S. Dodge**
Lobingier Professor of Comparative Law &
Jurisprudence
The George Washington University Law
School

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

6

**Stacey Dogan**
Professor
Boston University School of Law

**John J. Donohue**
C. Wendell and Edith M. Carlsmith
Professor
Stanford Law School

**Michael C. Dorf**
Robert S. Stevens Professor of Law
Cornell Law School

**Alyssa Dragnich**
Clinical Professor of Law
Arizona State University Sandra Day
O'Connor College of Law

**Rochelle C. Dreyfuss**
Pauline Professor of Law Emerita
New York University School of Law

**Meredith J. Duncan**
Alumnae College Professor of Law
University of Houston Law Center

**Jeffrey L. Dunoff**
Laura H. Carnell Professor of Law
Temple University Beasley School of Law

**Eric B. Easton**
Professor of Law Emeritus
University of Baltimore School of Law

**Robin J. Effron**
Professor of Law
Fordham University School of Law

**Nate Ela**
Assistant Professor of Law
Temple University Beasley School of Law

**Anne S. Emanuel**
Professor Emerita
Georgia State University College of Law

**David Freeman Engstrom**
LSVF Professor of Law
Stanford Law School

**Nora Freeman Engstrom**
Ernest W. McFarland Professor of Law
Stanford Law School

**Garrett Epps**
Professor of Law Emeritus
University of Baltimore School of Law

**Jules Epstein**
Professor of Law and Director of Advocacy
Programs
Temple University Beasley School of Law

**Danieli G. Evans**
Assistant Professor of Law
University of Washington School of Law

**Sarah L. Fackrell**
Professor of Law
Chicago-Kent College of Law

**Jeffrey A. Fagan**
Professor of Law
Columbia Law School, Columbia University

**Dave Fagundes**
Professor of Law
Emory University School of Law

**Bridget Fahey**
Professor of Law
University of Chicago Law School

**Jonathan Feingold**
Professor of Law
Boston University School of Law

**Aaron X. Fellmeth**
Dennis S. Karjala Professor of Law
Arizona State University College of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Mailyn Fidler**
Professor
University of New Hampshire Franklin
Pierce School of Law

**Ronald H. Filler**
Professor Emeritus
New York Law School

**Sharon Finegan**
Professor of Law
South Texas College of Law Houston

**Martha Albertson Fineman**
Robert W. Woodruff Professor of Law
Emory University Law School

**Omeed Firouzi**
Practice Professor of Law
Temple University Beasley School of Law

**Harry First**
Charles L. Denison Professor of Law
Emeritus
New York University School of Law

**Timothy S. Fisher**
Dean and Professor of Law Emeritus
University of Connecticut School of Law

**Joseph R. Fishkin**
Professor
UCLA School of Law

**Martin Flaherty**
Charles and Marie Robertson Visiting
Professor
School of Public and International Affairs,
Princeton University

**J. Clifton Fleming, Jr.**
Ernest L. Wilkinson Chair, Guy Anderson
Chair & Professor of Law
J. Reuben Clark Law School, Brigham
Young University

**Amy Flynn**
Associate Dean for Academic Affairs
University of San Francisco

**Elizabeth Ford**
Assistant Professor
Seattle University School of Law

**Richard T. Ford**
George E. Osborne Professor of Law
Stanford Law School

**Andrew H. Foster**
Clinical Professor of Law
Duke University School of Law

**Eleanor M. Fox**
Professor Emerita
New York University School of Law

**Eric M. Freedman**
Siggi B. Wilzig Distinguished Professor  of
Constitutional Rights Emeritus
Maurice A. Deane School of Law, Hofstra
University

**Alexi Freeman**
Associate Dean & Professor of the Practice
University of Denver Sturm College of Law

**Susan A. Freiwald**
Professor of Law
University of San Francisco School of Law

**Barry Friedman**
Jacob D. Fuchsberg Professor of Law
New York University School of Law

**A. Michael Froomkin**
Laurie Silvers & Mitchell Rubenstein
Distinguished Professor of Law
University of Miami School of Law

**Shannon Fyfe**
Assistant Professor
Washington & Lee University School of
Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Theresa A. Gabaldon**
Lyle T. Alverson Professor of Law
The George Washington University Law School

**Iselin M. Gambert**
Professor, Fundamentals of Lawyering
The George Washington University Law School

**Frank J. Garcia**
Professor and Dean's Distinguished Scholar
Boston College Law School

**Marie-Amélie P. George**
Professor
Wake Forest University School of Law

**Erika Renee George**
Professor of Law & Associate Dean for Equity, Justice, & Engagement
Boston University School of Law

**Bennett L. Gershman**
Distinguished Professor of Law
Pace University School of Law

**Shubha Ghosh**
Crandall Melvin Professor of Law
Syracuse University College of Law

**James Gibson**
Sesquicentennial Professor of law
University of Richmond School of Law

**Jonathan D. Gingerich**
Associate Professor of Law
Rutgers Law School

**Jonathan D. Glater**
Professor of Law
University of California, Berkeley School of Law

**Nicole B. Godfrey**
Assistant Professor of Law
University of Denver Sturm College of Law

**Cynthia Godsoe**
Professor of Law & Dean's Research Scholar
Brooklyn Law School

**Steve C. Gold**
Professor of Law & Judge Raymond J. Dearie Scholar
Rutgers Law School

**Suzanne B. Goldberg**
Herbert and Doris Wechsler Clinical Professor of Law
Columbia Law School

**Eric Goldman**
Professor & Associate Dean for Research
Santa Clara University School of Law

**Robert K. Goldman**
Professor of Law & Louis C. James Scholar
American University Washington College of Law

**Julie Goldscheid**
Professor Emerita
CUNY School of Law

**Paul Goldstein**
Professor of Law Emeritus
Stanford Law School

**Thalia González**
Professor of Law & James Edgar Hervey '50 Chair of Litigation
UC College of the Law, San Francisco

**Marc-Tizoc González**
Professor of Law
University of New Mexico School of Law

**Leigh S. Goodmark**
Marjorie Cook Professor of Law
University of Maryland Francis King Carey School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Jennifer L. Gordon**
John D. Feerick Chair and Professor of Law
Fordham University School of Law

**Robert W. Gordon**
Professor of Law Emeritus
Stanford Law School

**Sarah Gottlieb**
Assistant Clinical Professor of Law
Washington & Lee University School of Law

**William B. Gould IV**
Charles A Beardsley Professor of Law Emeritus
Stanford Law School

**Paul Gowder**
Frederic P. Bose Professor of Law
Northwestern University Pritzker School of Law

**Mark A. Graber**
Regents Professor
University of Maryland Carey School of Law

**Henry T. Greely**
Deane F. & Kate Edelman Johnson Professor of Law
Stanford Law School

**Michael Green**
Emeritus Professor
Wake Forest University School of Law

**Abner S. Greene**
Leonard F. Manning Professor
Fordham Law School

**Kent Greenfield**
Professor of Law & Dr. Thomas F. Carney Distinguished Scholar
Boston College Law School

**Daniel Greenwood**
Professor of Law
Maurice A. Deane School of Law, Hofstra University

**Leslie C. Griffin**
Professor
UNLV Boyd School of Law

**Ariela J. Gross**
Distinguished Professor of Law and History
UCLA School of Law

**Karen Gross**
Professor of Law (ret.)
New York Law School

**Joanna L. Grossman**
Ellen K. Solender Endowed Chair in Women and Law & Professor of Law
SMU Dedman School of Law

**Catherine M. Grosso**
Professor of Law
Michigan State University College of Law

**Lisa F. Grumet**
Professor of Law
New York Law School

**Michael Grynberg**
Professor of Law
DePaul University College of Law

**Jennifer A. Gundlach**
Emily & Stephen Mendel Distinguished Professor of Law
Maurice A. Deane School of Law, Hofstra University

**Jeffrey S. Gutman**
Professor Emeritus of Clinical Law
The George Washington University Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Lucas Guttentag**
Professor of the Practice of Law
Stanford Law School
Martin R. R Flug Lecturer & Senior
Researcher Scholar
Yale Law School

**Lula A. Hagos**
Associate Professor of Law
The George Washington University Law
School

**Thomas D. Haley**
Assistant Professor
University of Florida Levin College of Law

**Rebecca J. Hamilton**
Professor of Law
American University Washington College of
Law

**Rachel L. Hampton**
Professor of Legal Writing
Capital University Law School

**G.S. Hans**
Clinical Professor of Law
Cornell Law School

**Hugh Hansen**
Professor of Law Emeritus
Fordham University School of Law

**Angela P. Harris**
Distinguished Professor
Seattle University School of Law

**Lindsay M. Harris**
Professor of Law
University of San Francisco School of Law

**Jeffrey L. Harrison**
Huber Hurst Eminent Scholar (ret.)
University of Florida College of Law

**Daniel L. Hatcher**
Professor of Law
University of Baltimore School of Law

**Paul J. Heald**
Albert J. Harno & Edward W. Cleary Chair
in Law Emeritus
University of Illinois College of Law

**J. Benton Heath**
Associate Professor
Temple University School of Law

**William D. Henderson**
Professor & Stephen F. Burns Chair on the
Legal Profession
Indiana University Maurer School of Law

**William D. Henslee**
Professor of Law
FAMU College of Law

**Helen Hershkoff**
Herbert & Svetlana Wachtell Professor of
Constitutional Law & Civil Liberties
New York University School of Law

**Katherine M. Hessler**
Assistant Dean, Animal Law
The George Washington University Law
School

**Robert Heverly**
Associate Professor of Law
Albany Law School

**Laura A. Heymann**
James G. Cutler Professor of Law
William & Mary Law School

**Claire A. Hill**
Professor
University of Minnesota Law School

**B. Jessie Hill**
Judge Ben C. Green Professor of Law
Case Western Reserve University School of
Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Robert Hillman**
Edwin H. Woodruff Professor of Law
Emeritus
Cornell Law School

**Bill O. Hing**
Professor of Law
University of San Francisco School of Law

**Alexis J. Hoag-Fordjour**
David Dinkins Professor
Brooklyn Law School

**Diane E. Hoffmann**
Jacob A. France Professor of Health Law
University of Maryland Francis King Carey
School of Law

**Lonny Hoffman**
Law Foundation Professor of Law
University of Houston Law Center

**Timothy R. Holbrook**
Robert B. Yegge Endowed Distinguished
Professor in Law
University of Denver Sturm College of Law

**Brooks Holland**
Professor of Law
Gonzaga University School of Law

**Paul Holland**
Associate Dean and Associate Professor
Seattle University School of Law

**Duncan B. Hollis**
Laura H. Carnell Professor of Law
Temple University Beasley School of Law

**Nicholas H. Horan**
Associate Teaching Professor & Assistant
Dean for Academic Success
Northeastern University School of Law

**Nicholas C. Howson**
Pao Li Tsiang Chair Professor of Law
University of Michigan School of Law

**Marina C. Hsieh**
Senior Fellow, Emerita
Santa Clara University School of Law

**William Hubbard**
Professor
University of Baltimore School of Law

**Katherine C. Hughes**
Clinical Associate Professor of Law
Fordham Law School

**Aziz Z. Huq**
Professor of Law
University of Chicago Law School

**Kip M. Hustace**
Assistant Professor of Law
Seattle University School of Law

**Megan R. Hutchinson**
Professor and Co-director of Legal Writing
University of San Francisco School of Law

**Lisa C. Ikemoto**
Professor
University of California, Davis School of
Law

**Anthony C. Infanti**
Christopher C. Walthour, Sr. Professor of
Law
University of Pittsburgh School of Law

**Loren Jacobson**
Associate Professor of Law
UNT Dallas College of Law

**David Jaros**
Professor
University of Baltimore School of Law

**Danielle C. Jefferis**
Associate Professor of Law
University of Nebraska College of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Dalié Jiménez**
Professor of Law
University of California, Irvine School of
Law

**Dawn Johnsen**
Walter W. Foskett Professor of Law
Indiana University Maurer School of Law

**Sheri Kynn Johnson**
Professor
Cornell Law School

**Abigail L. Jones**
Assistant Teaching Professor
Arizona State University Sandra Day
O'Connor College of Law

**Bradley W. Joondeph**
Jerry Kasner Professor
Santa Clara University School of Law

**Johanna Kalb**
Dean and Professor of Law
University of San Francisco School of Law

**Sam Kamin**
Chauncey G. Wilson Memorial Research
Chair
University of Denver, Sturm College of Law

**Jon E. Kappes**
Teaching Professor of Law
Arizona State University Sandra Day
O'Connor College of Law

**Pamela S. Karlan**
Kenneth & Harle Montgomery Professor of
Public Interest Law
Stanford Law School

**Alexis Karteron**
Professor of Law
NYU School of Law

**Tal Kastner**
Associate Professor of Law
Rutgers Law School

**Alice Kaswan**
Professor of Law
University of San Francisco School of Law

**Ken Katkin**
Professor of Law
Chase College of Law, Northern Kentucky
University

**Richard B. Katskee**
Assistant Clinical Professor of Law &
Director of the Appellate Litigation Clinic
Duke University School of Law

**Adam M. Katz**
Assistant Professor of Law
Seton Hall University School of Law

**Michael Kaufman**
Dean and Professor of Law
Santa Clara University School of Law

**Gregory C. Keating**
William T. Dalessi Professor of Law &
Philosophy
USC Gould School of Law

**Riley T. Keenan**
Associate Professor of Law
University of Richmond School of Law

**Mark G. Kelman**
James C.  Gaither Professor of Law & Vice
Dean
Stanford Law School

**Amalia D. Kessler**
Lewis Talbot & Nadine Hearn Shelton
Professor of International Legal Studies
Stanford Law School

**Jay B. Kesten**
Associate Professor
Florida State College of Law

**Elizabeth A. Keyes**
Professor of Law
University of Baltimore School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Eugene Kim**
Professor of Legal Writing
University of San Francisco School of Law

**Laird C. Kirkpatrick**
Louis Harkey Research Professor of Law
Emeritus
The George Washington University Law
School

**John B. Kirkwood**
William C. Oltman Professor of Teaching
Excellence
Seattle University School of Law

**Heidi Kitrosser**
William W. Gurley Professor of Law
Northwestern University Pritzker School of
Law

**Karl Klare**
George J. & Kathleen Waters Matthews
Distinguished University Professor
Northeastern University School of Law

**Michael Klausner**
Professor
Stanford Law School

**Alexandra L. Klein**
Associate Professor of Law
Washington & Lee University School of
Law

**Daniel T. Kobil**
Professor of Law
Capital University Law School

**Gerald Korngold**
Trustee Professor of Law
New York Law School

**William S. Koski**
Eric & Nancy Wright Professor of Clinical
Education and Professor of Law
Stanford Law School

**Ellen Kreitzberg**
Professor of Law Emerita
Santa Clara University School of Law

**Harold J. Krent**
Professor
Chicago-Kent College of Law

**Vivek Krishnamurthy**
Associate Professor
University of Colorado Law School

**Raymond S.R. Ku**
John Homer Kapp Professor of Law
Case Western Reserve University School of
Law

**Sapna Kumar**
Henry J. Fletcher Professor of Law
University of Minnesota Law School

**Andrew Lah**
Visiting Professor
University of San Francisco School of Law

**Corinna Lain**
George E. Allen Chair in Law
University of Richmond School of Law

**Amy Landers**
Associate Dean of Faculty Research
Drexel University Thomas R. Kline School
of Law

**Rachel Landy**
Assistant Professor of Law
Cardozo Law School

**Andrew J. Lanham**
Assistant Professor of Law
University of Houston Law Center

**Lisa J. Laplante**
Professor of Law
New England Law, Boston

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Peter E. Larsen**
Assistant Professor of Law
Mitchell Hamline School of Law

**Tamara Rice Lave**
Professor of Law
University of Miami School of Law

**Thomas S. Leatherbury**
Clinical Professor of Law & Director, First
SMU Dedman School of Law

**Cynthia Lee**
Professor of Law
The George Washington University Law
School

**Edward Lee**
Professor of Law
Santa Clara University School of Law

**Mark A. Lemley**
William H. Neukom Professor
Stanford Law School

**Arthur S. Leonard**
Professor Emeritus
New York Law School

**Lisa G. Lerman**
Professor of Law Emerita
The Catholic University of America

**Jack I. Lerner**
Clinical Professor of Law
University of California, Irvine School of
Law

**Gregg P. Leslie**
Professor of Practice and Director, First
Amendment Clinic
Arizona State University Sandra Day
O'Connor College of Law

**Christopher R. Leslie**
Chancellor's Professor
University of California, Irvine School of
Law

**John Leubsdorf**
Professor of Law Emeritus
Rutgers Law School

**Leslie C. Levin**
Hugh Macgill Professor of Law Emerita
University of Connecticut School of Law

**David S. Levine**
Professor
Elon University School of Law

**Ariana R. Levinson**
Professor of Law
University of Louisville Brandeis School of
Law

**Nancy E. Levit**
Professor of Law
University of Missouri-Kansas City School
of Law

**Justin M. Levitt**
Professor of Law
LMU Loyola Law School

**Marin K. Levy**
Professor
Duke University School of Law

**Yvette J. Liebesman**
Professor of Law
Saint Louis University School of Law

**James S. Liebman**
James L. Dohr Professor of Law
Columbia Law School

**Matthew G. Liebman**
Professor & Chair of the Justice for Animals
Program
University of San Francisco School of Law

**Theodor S. Liebmann**
Clinical Professor of Law
Maurice A. Deane School of Law, Hofstra
University

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Shirley Lin**
Associate Professor of Law
Brooklyn Law School

**Francine J. Lipman**
William S. Boyd Professor of Law
UNLV William S. Boyd School of Law

**Leah M. Litman**
Professor of Law
University of Michigan Law School

**Stephen Loffredo**
Professor of Law Emeritus
CUNY School of Law

**David A. Logan**
Dean and Professor of Law Emeritus
Roger Williams University School of Law

**Kyle D. Logue**
Professor of Law
University of Michigan Law School

**John C. Lore III**
Distinguished Clinical Professor of Law
Rutgers Law School

**Sarah H. Lorr**
Associate Professor of Law
University of Maryland Francis King Carey
School of Law

**David Luban**
Distinguished University Professor
Georgetown University Law Center

**Stephen J. Lubben**
Harvey Washington Wiley Chair in
Corporate Governance & Business Ethics
Seton Hall University School of Law

**Steven Lubet**
Williams Memorial Professor Emeritus
Northwestern University Pritzker School of
Law

**Grande Lum**
Senior Lecturer
Stanford Law School

**Ira C. Lupu**
F. Elwood and Eleanor Davis Professor of
Law Emeritus
The George Washington University Law
School

**Jody L. Madeira**
Richard S. Melvin Professor of Law
Maurer School of Law, Indiana University-
Bloomington

**Gregory P. Magarian**
Thomas and Karole Green Professor of Law
Washington University School of Law

**Luke T. Maher**
Assistant Professor of Law
Seattle University School of Law

**Jessica A. Mahon Scoles**
Professor of Law
Western New England University Law
School

**Maya Manian**
Professor of Law
American University Washington College of
Law

**Irina D. Manta**
Professor of Law
Maurice A. Deane School of Law, Hofstra
University

**Ellie Margolis**
Jack E. Feinberg Professor in Litigation
Temple University Beasley School of Law

**Milan Markovic**
Professor
Texas A&M University School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Terry A. Maroney**
Robert S. & Theresa L. Reder Professor of Law
Vanderbilt Law School

**William Marshall**
Kenan Professor of Law
University of North Carolina School of Law

**Toni M. Massaro**
Regents Professor of Law Emerita
University of Arizona College of Law

**Suzanne K. Mawhinney**
Director, Zief Law Library, and Assistant Professor
University of San Francisco School of Law

**Serena Mayeri**
Arlin M. Adams Professor of Constitutional Law
University of Pennsylvania Carey Law School

**Sara Mayeux**
Mildred Prescott Miller Chair in Law
Vanderbilt Law School

**Thomas W. Mayo**
Professor of Law & University Distinguished Teaching Professor
SMU Dedman School of Law

**L. Thorne McCarty**
Professor of Law & Computer Science, Emeritus
Rutgers Law School

**Marcia L. McCormick**
Professor of Law
Saint Louis University School of Law

**Brett H. McDonnell**
Dorsey & Whitney Chair and Professor of Law
University of Minnesota Law School

**Timothy J. McFarlin**
Professor
Samford University Cumberland School of Law

**William McGeveran**
Dean and William S. Pattee Professor of Law
University of Minnesota Law School

**Ben A. McJunkin**
Associate Professor of Law
Arizona State University Sandra Day O'Connor College of Law

**Mark P. McKenna**
Professor of Law
UCLA School of Law

**Nicholas M. McLean**
Assistant Professor of Law
William S. Richardson School of Law, University of Hawai'i at Mānoa

**Willajeanne F. McLean**
Distinguished Professor of Law
University of Connecticut School of Law

**Catlin Meade**
Associate Professor, Fundamentals of Lawyering
The George Washington University Law School

**M. Isabel Medina**
Victor H. Schiro Distinguished Professor of Law
Loyola University New Orleans College of Law

**Joan S. Meier**
NFVLC Professor of Clinical Law
The George Washington University Law School

**Gabriel S. Mendlow**
Professor of Law
University of Michigan Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Nazune M. Menka**
Assistant Professor of Law
Seattle University School of Law

**Nicholas Mercuro**
Professor in Residence
Michigan State University College of Law

**Deborah Jones Merritt**
Distinguished University Professor Emerita
The Ohio State University Moritz College of Law

**Bernadette A. Meyler**
Carl & Sheila Spaeth Professor of Law
Stanford Law School

**Naomi J. Mezey**
Agnes Williams Sesquicentennial Professor of Law & Culture
Georgetown University Law Center

**Chi A. Mgbako**
Clinical Professor of Law
Fordham Law School

**Frank Michelman**
Robert Walmsley University Professor and Professor of Law Emeritus
Harvard Law School

**Curtis J. Milhaupt**
William F. Baxter-Visa International Professor of Law
Stanford Law School

**Binny Miller**
Professor of Law & Associate Dean for Experiential Education
American University Washington College of Law

**Frances H. Miller**
Professor Emerita
Boston University School of Law

**Monte Mills**
Charles I. Stone Professor & Director,
Native American Law Center
University of Washington School of Law

**Jane E. Mitchell**
Associate Professor
J. Reuben Clark Law School at Brigham Young University

**Viva R. Moffat**
Professor of Law
University of Denver College of Law

**Saira Mohamed**
Agnes Roddy Robb Professor of Law
University of California, Berkeley School of Law

**Margaret E. Montoya**
Professor Emerita of Law
University of New Mexico School of Law

**Daniel I. Morales**
Associate Professor of Law, Dwight Olds Chair in Law
University of Houston Law Center

**Alison D. Morantz**
James & Nancy Kelso Professor of Law
Stanford Law School

**Emily Michiko Morris**
David L. Brennan Professor of Law
University of Akron School of Law

**Nicole Morris**
Professor of Practice
Emory University School of Law

**Stefano G. Moscato**
Professor of Practice
UC College of the Law, San Francisco

**Jon A. Mueller**
Visiting Associate Professor of Law
University of Maryland Carey School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Deirdre K. Mulligan**
Professor & Director of the Berkeley Center
for Law & Technology
University of California, Berkeley School of
Information

**Loren E. Mulraine**
Professor of Law, Director of Music and
Entertainment Law Studies
Belmont University College of Law

**Korin A. Munsterman**
Professor of Practice
UNT Dallas College of Law

**Kari E. Murphy**
Professor of Legal Writing
Capital University Law School

**Heather E. Murray**
Associate Director, First Amendment Clinic
Cornell Law School

**Justin S. Murray**
Professor of Law
New York Law School

**Karen B. Musalo**
Professor
UC College of the Law, San Francisco

**Athena D. Mutua**
Professor of Law and Floyd H. & Hilda L.
Hurst Faculty Scholar
University at Buffalo School of Law
(SUNY)

**Michele Neitz**
Visiting Professor
University of San Francisco School of Law

**Ryan H. Nelson**
Associate Professor of Law
South Texas College of Law Houston

**Burt Neuborne**
Professor of Law Emeritus
New York University Law School

**Christopher M. Newman**
Associate Professor of Law
Antonin Scalia School of Law

**Julie A. Nice**
Herbst Foundation Professor of Law
University of San Francisco School of Law

**Lisa H. Nicholson**
Professor of Law & William Marshall
Bullitt Chair in Business Law
University of Louisville Louis D. Brandeis
School of Law

**Len Niehoff**
Professor from Practice
University of Michigan Law School

**John T. Nockleby**
Professor of Law & Susan Gurley Daniels
Chair in Civil Advocacy
LMU Loyola Law School

**Clare R. Norins**
Clinical Associate Professor
University of Georgia School of Law

**Luke P. Norris**
Tyler Haynes Professor of Law & Associate
Dean of Faculty Development
University of Richmond School of Law

**Helen Norton**
University Distinguished Professor and
Rothgerber Chair in Constitutional Law
University of Colorado School of Law

**Jacob Noti-Victor**
Professor of Law
Cardozo Law School

**D. Carolina Núñez**
Charles E. Jones Professor of Law
BYU J. Reuben Clark Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Sean D. O'Brien**
Curators' Distinguished Teaching Professor
University of Missouri-Kansas City School
of Law

**Seán M. O'Connor**
Allen Grubman Chair in Media &
Entertainment Law
Brooklyn Law School

**Margaret E. O'Grady**
Assistant Professor of Law
University of New Hampshire School of
Law

**Michelle Oberman**
Katharine & George Alexander Professor of
Law
Santa Clara University School of Law

**Tyler T. Ochoa**
Professor
Santa Clara University School of Law

**Jeffrey Omari**
Associate Professor
Seattle University School of Law

**David W. Opderbeck**
Professor of Law and Director, Program on
Faith, Values, and the Rule of Law
Seton Hall University School of Law

**Henry M. Ordower**
Professor of Law
Saint Louis University School of Law

**David Orentlicher**
Judge Jack & Lulu Lehman Professor
UNLV William S. Boyd School of Law

**Diane F. Orentlicher**
Professor Emerita
American University Washington College of
Law

**Adam D. Orford**
Associate Professor of Law
Fordham University School of Law

**Brian Owsley**
Associate Professor of Law
UNT Dallas College of Law

**Sean A. Pager**
Professor of Law
Michigan State University

**Suzianne D. Painter-Thorne**
Professor of Law
Mercer University School of Law

**Samir D. Parikh**
Professor of Law
Wake Forest University School of Law

**Wendy M. Parker**
Research Professor of Law
Wake Forest University School of Law

**Wendy E. Parmet**
Matthews University Distinguished
Professor of Law
Northeastern University School of Law

**Seema N. Patel**
Associate Professor of Law
UC College of the Law, San Francisco

**Jeremy R. Paul**
Professor of Law
Northeastern University School of Law

**Michael Stokes Paulsen**
Professor
University of St. Thomas School of Law

**Deborah Pearlstein**
Director, Princeton Program in Law &
Public Policy, Charles and Marie Robertson
Visiting Professor of Law & Public Affairs
Princeton University

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Richard J. Peltz-Steele**
Chancellor Professor
University of Massachusetts Law School

**Dylan Penningroth**
Professor of Law and History
University of California, Berkeley School of Law

**Harvey S. Perlman**
Professor of Law
University of Nebraska College of Law

**Michael J. Perry**
Robert W. Woodruff Professor of Law Emeritus
Emory University School of Law

**Aaron Perzanowski**
Thomas W. Lacchia Professor of Law
University of Michigan Law School

**Philip G. Peters**
Ruth L Hulston Professor Emeritus of Law
University of Missouri School of Law

**Nicole L. Phillips**
Associate Professor of Legal Writing
University of San Francisco School of Law

**Richard J. Pierce**
Lyle T. Alverson Professor of Law
The George Washington University Law School

**Stephanie Plamondon**
Bruce C. Hafen Professor of Law
BYU J. Reuben Clark Law School

**Ellen S. Podgor**
Professor of Law
Stetson University College of Law

**Sarah Polcz**
Acting Professor of Law
University of California, Davis School of Law

**Lucas A. Powe, Jr.**
Anne Green Regents Chair
University of Texas School of Law

**Russell A. Powell**
Professor of Law
Seattle University School of Law

**Jeanne Frazier Price**
Professor of Law Emerita
UNLV William S. Boyd School of Law

**Richard A. Primus**
Theodore J. St. Antoine Collegiate Professor
University of Michigan Law School

**Francesca L. Procaccini**
Associate Professor of Law
Vanderbilt University Law School

**Edward A. Purcell, Jr.**
Joseph Solomon Distinguished Professor Emeritus
New York Law School

**Dara E. Purvis**
James E. Beasley Professor of Law
Temple Beasley School of Law

**Tara A. Ragone**
Assistant Professor
Seton Hall University School of Law

**Sarah Rajec**
Professor
William & Mary Law School

**Lisa P. Ramsey**
Professor of Law
University of San Diego School of Law

**Aziz Rana**
J. Donald Monan, S.J., University Professor of Law and Government
Boston College School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

21

**Nancy B. Rapoport**
UNLV Distinguished Professor & German
Turner Gordon Professor of Law
UNLV William S. Boyd School of Law

**Frank S. Ravitch**
Professor of Law and Walter H. Stowers
Chair
Michigan State University College of Law

**Larry E. Ray**
Professor
The George Washington University Law
School

**Margaret Raymond**
Warren P. Knowles Chair in Law
University of Wisconsin Law School

**James D. Redwood**
Professor of Law
Albany Law School

**R. Anthony Reese**
Chancellor's Professor of Law
University of California, Irvine School of
Law

**Mitt Regan**
McDevitt Professor of Jurisprudence
Georgetown Law Center

**Jarrod F. Reich**
Senior Lecturer
Boston University School of Law

**Amanda Reid**
Associate Professor
The University of North Carolina at Chapel
Hill

**Alexander A. Reinert**
Max Freund Professor of Litigation and
Advocacy
Benjamin N. Cardozo School of Law

**Leah S. Richardson**
Chancellor's Professor of Law
University of California, Irvine School of
Law

**Sarah E. Ricks**
Distinguished Clinical Professor
Rutgers Law School

**Sandra L. Rierson**
Professor
Western State College of Law

**Paul T. Rink**
Associate Professor of Law
Seton Hall University School of Law

**Thomas Riordan**
Visiting Associate Clinical Professor
LMU Loyola Law School of Los Angeles

**Michael V. Risch**
Professor of Law
Villanova University School of Law

**David T. Ritchie**
Professor of Law & Philosophy
Mercer University School of Law

**Ira P. Robbins**
Distinguished Professor of Law
American University Washington College of
Law

**Lauren K. Robel**
Val Nolan Professor of Law
Indiana University Maurer School of Law

**Cassandra Burke Robertson**
Professor of Law
Case Western Reserve University School of
Law

**Lauren M. Rogal**
Clinical Professor of Law
Vanderbilt Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

22

**Sarah F. Rogerson**
Distinguished Professor of Law
Albany Law School

**Daria Roithmayr**
Provost Professor of Law
University of Colorado Law School

**Sonia E. Rolland**
Professor of Law & Business
Northeastern University School of Law

**Addie C. Rolnick**
Yuhaaviatam of San Manuel Nation
Professor of Law
UNLV William S. Boyd School of Law

**Jon Romberg**
Assoc Professor
Seton Hall University School of Law

**Carrie L. Rosenbaum**
Associate Professor of Legal Writing
University of San Francisco School of Law

**Jonathan Rosenbloom**
Distinguished Professor of Law
Albany Law School

**Catherine J. Ross**
Lyle T. Alverson Professor of Law Emerita
The George Washington University Law
School

**Ezra Rosser**
Professor of Law
American University Washington College of
Law

**Laura L. Rovner**
Professor of Law & Director, Civil Rights
Clinic
University of Denver Sturm College of Law

**Keith A. Rowley**
William S. Boyd Professor of Law
UNLV William S. Boyd School of Law

**Guy A. Rub**
Vincent J. Marella Professor of Law
Temple University Beasley School of Law

**Eric M. Ruben**
Associate Professor of Law
SMU Dedman School of Law

**John E. Rumel**
Professor of Law
University of Idaho College of Law

**Michael J. Russo**
Teaching Professor
Seattle University School of Law

**Jennifer Safstrom**
Associate Clinical Professor of Law, Clay
Travis Director of the Stanton Foundation
First Amendment Clinic
Vanderbilt Law School

**Zahr K. Said**
Professor of Law
Santa Clara University School of Law

**Rosemary C. Salomone**
Kenneth Wang Professor of Law
St. John's University School of Law

**Stephen A. Saltzburg**
Wallace & Beverley Woodbury University
Professor
The George Washington University Law
School

**Matthew J. Sanders**
Assistant Professor of Law
Stanford Law School

**Timothy R. Sanzi**
Assistant Professor
University of San Francisco School of Law

**Joshua D. Sarnoff**
Raymond P. Niro Professor of Intellectual
Property Law
DePaul University College of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Andres Sawicki**
Professor of Law
University of Miami School of Law

**Jane Schacter**
Professor of Law
Stanford Law School

**Scott E. Schang**
Professor of Practice
Wake Forest University School of Law

**Erin A. Scharff**
Willard H. Pedrick Distinguished Research
Scholar & Professor of Law
Arizona State University Sandra Day
O'Connor College of Law

**Roger Schechter**
William Thomas Fryer Research Professor
Emeritus
The George Washington University Law
School

**Andrew A. Scherer**
Professor of Law
New York Law School

**Philip G. Schrag**
Delaney Family Professor of Public Interest
Law
Georgetown University Law Center

**Jacob M. Schriner-Briggs**
Visiting Assistant Professor
Chicago-Kent College of Law, Illinois
Institute of Technology

**Joshua I. Schwartz**
EK Gubin Professor of Law Emeritus
The George Washington University Law
School

**Anthony Sebok**
Joseph and Sadie Danciger Chair in Law
Benjamin N. Cardozo School of Law

**Alex Y. Seita**
Professor of Law
Albany Law School

**Jeffrey Selbin**
Chancellor's Clinical Professor of Law
University of California, Berkeley School of
Law

**Elisabeth A. Semel**
Chancellor's Clinical Professor of Law
University of California, Berkeley School of
Law

**Peter M. Shane**
Professor and Jacob E. Davis and Jacob E.
Davis II Chair in Law Emeritus
The Ohio State University Moritz College of
Law

**Amanda Shanor**
Associate Professor & Wolpow Family
Faculty Scholar
The Wharton School of the University of
Pennsylvania

**Daniel J. Sharfstein**
Dick and Martha Lansden Chair in Law and
Professor of History
Vanderbilt University Law School

**Kate Shaw**
Professor of Law
University of Pennsylvania Carey Law
School

**Jonathan Sheffield**
Clinical Assistant Professor
Loyola University Chicago School of Law

**Seana V. Shiffrin**
Professor
UCLA School of Law

**Jodi L. Short**
Mary Kay Kane Distinguished Professor of
Law
UC College of the Law, San Francisco

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Andrew M. Siegel**
Professor of Law
Seattle University School of Law

**Jessica M. Silbey**
Professor of Law
Boston University School of Law

**Gail E. Silverstein**
Clinical Professor of Law
UC College of the Law, San Francisco

**Gary J. Simson**
Macon Chair in Law and Former Dean
Mercer University School of Law

**Jana B. Singer**
Professor of Law Emeritus
University of Maryland Cary School of Law

**Michael S. Sinha**
Assistant Professor
Saint Louis University School of Law

**Shirin A. Sinnar**
Professor of Law
Stanford Law School

**Rima Sirota**
Professor of Law, Legal Practice
Georgetown University Law Center

**Gregory C. Sisk**
Laghi Distinguished Chair in Law
University of St. Thomas School of Law

**Deborah A. Sivas**
Luke W. Cole Professor of Environmental
Law
Stanford Law School

**David L. Sloss**
John A. & Elizabeth H. Sutro Professor of
Law
Santa Clara University School of Law

**Abbe L. Smith**
Scott K. Ginsburg Professor of Law
Georgetown University Law Center

**Bryant Walker Smith**
Associate Professor of Law
University of South Carolina School of Law

**William J. Snape**
Professor
American University, Washington College
of Law

**Stacey L. Sobel**
Professor of Law
Western State College of Law at Westcliff
University

**Aviam Soifer**
Emeritus Professor
University of Hawai'i, William S.
Richardson School of Law

**Daniel J. Solove**
Bernard Professor of Intellectual Property &
Technology Law
The George Washington University Law
School

**Alicia G. Solow-Niederman**
Associate Professor of Law
The George Washington University Law
School

**Ann Southworth**
Professor of Law and Raymond Pryke Chair
University of California, Irvine School of
Law

**Norman Spaulding**
Sweitzer Professor of Law
Stanford Law School

**Mai Linh Spencer**
Clinical Professor
UC College of the Law, San Francisco

Institutional affiliations are provided for purposes of identification only and do not reflect the
views of the listed institutions.

**Douglas M. Spencer**
Ira C. Rothgerber Chair in Constitutional Law
University of Colorado School of Law

**Jane Spinak**
Edward Ross Aranow Clinical Professor of Law Emerita
Columbia Law School

**Carla Spivack**
Distinguished Professor of Law
Albany Law School

**Christopher J. Sprigman**
Murray & Kathleen Bring Professor of Law
New York University School of Law

**Jayashri Srikantiah**
Professor of Law & Director, Immigrants' Rights Clinic
Stanford Law School

**Erik Stallman**
Clinical Professor of Law
University of California, Berkeley School of Law

**Kathryn M. Stanchi**
Professor of Law
UNLV William S. Boyd School of Law

**Robert R. Statchen**
Clinical Professor of Law, Assoc. Dean of Experiential Learning
Western New England University School of Law

**Sarah Steadman**
Professor of Law
University of New Mexico School of Law

**Michalyn Steele**
Professor
BYU J. Reuben Clark Law School

**Ralph G. Steinhardt**
Lobingier Professor of Comparative Law & Jurisprudence Emeritus
The George Washington University Law School

**Jeffrey W. Stempel**
Doris S. & Theodore B. Lee Professor of Law
UNLV William S. Boyd School of Law

**Nomi M. Stolzenberg**
Professor of Law
University of Southern California Gould Law School

**Geoffrey R. Stone**
Edward H. Levi Distinguished Professor of Law
The University of Chicago

**Irwin P. Stotzky**
Professor of Law
University of Miami School of Law

**Seth W. Stoughton**
Professor
University of South Carolina Joseph F. Rice School of Law

**Katherine J. Strandburg**
Pauline Newman Professor of Law
New York University School of Law

**Marcy Strauss**
Professor of Law
Loyola Law School

**Jennifer E. Sturiale**
Associate Professor of Law
Delaware Law School

**Susan Sturm**
George M. Jaffin Professor of Law and Social Responsibility
Columbia Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Lauren D. Sudeall**
David Daniels Allen Distinguished Chair of Law
Vanderbilt Law School

**Lisa Grow Sun**
Professor of Law
BYU J. Reuben Clark Law School

**Cara Suvall**
Clinical Professor of Law
Vanderbilt Law School

**Maureen A. Sweeney**
Law School Professor
University of Maryland Carey School of Law

**Xiyin Tang**
Professor of Law
UCLA School of Law

**Kim Taylor-Thompson**
Professor of Law Emerita
New York University School of Law

**Barton H. Thompson**
Robert E. Paradise Professor of Law
Stanford Law School

**Gerald Torres**
Dolores Huerta and Wilma Mankiller Professor
Yale Law School & Yale School of the Environment

**Paul R. Tremblay**
Clinical Professor Emeritus
Boston College Law School

**George Triantis**
Richard E. Lang Professor of Law
Stanford Law School

**Craig Trocino**
Associate Professor of Clinical Education
University of Miami School of Law

**Rebecca Tushnet**
Frank Stanton Professor of the First Amendment
Harvard Law School

**Robert W. Tuttle**
Berz Research Professor of Law & Religion
The George Washington University Law School

**Ron Tyler**
Professor
Stanford Law School

**Jennifer M. Urban**
Clinical Professor of Law
University of California, Berkeley School of Law

**Michael P. Van Alstine**
Francis King Carey Professor in Business Law
University of Maryland Carey School of Law

**Allison K. Van Stean**
Professor of Practice
UNT Dallas College of Law

**Jonathan D. Varat**
Professor of Law Emeritus
UCLA School of Law

**Liza S. Vertinsky**
Professor of Law
University of Maryland Francis King Carey School of Law

**Alexander Volokh**
Professor
Emory Law School

**Eugene Volokh**
Senior Fellow
Hoover Institution, Stanford University
Distinguished Professor of Law Emeritus, UCLA School of Law

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Michael S. Wald**
Professor of Law Emeritus
Stanford Law School

**Daniel Warshawsky**
Professor of Law
New York Law School

**Cheryl B. Wattley**
Professor
UNT Dallas College of Law

**Jonathan Weinberg**
Distinguished Professor
Wayne State University Law School

**Allen Weiner**
Senior Lecturer in Law
Stanford Law School

**Laura M. Weinrib**
Fred N. Fishman Professor of Constitutional Law
Harvard Law School

**Ian Weinstein**
Professor of Law
Fordham University School of Law

**Brandon Weiss**
Professor of Law
American University Washington College of Law

**Charles D. Weisselberg**
Yosef Osheawich Professor of Law
University of California, Berkeley School of Law

**Meijken Westenskow**
Senior Professor of Practice
UNT Dallas College of Law

**Patricia D. White**
Professor of Law
University of Miami School of Law

**Deborah A. Widiss**
John F. Kimberling Professor of Law
Indiana University Maurer School of Law

**Steven L. Willborn**
Spencer Professor of Law
University of Nebraska College of Law

**Beth Williams**
Senior Lecturer in Law
Stanford Law School

**Lucy Williams**
Associate Professor
BYU J. Reuben Clark Law School

**Sally H. Wise**
Professor of Law Emerita
University of Miami School of Law

**Tobias B. Wolff**
Jefferson Barnes Fordham Professor of Law
University of Pennsylvania Law School

**Eric W. Wright**
Professor of Law
Santa Clara University School of Law

**Ellen Yaroshefsky**
Distinguished Professor of Legal Ethics Emerita
Maurice A. Deane School of Law, Hofstra University

**Ruqaiijah A. Yearby**
Judge Clifford Scott Green Chair in Law
Temple University Beasley School of Law

**Alfred C. Yen**
Professor of Law and Dean's Distinguished Scholar
Boston College Law School

**Kathryne M. Young**
Professor of Law
The George Washington University Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

**Patricia J. Zettler**
John W. Bricker Professor of Law
The Ohio State University Moritz College of
Law

**Emily R. Zhang**
Assistant Professor
University of California, Berkeley School of
Law

**Benjamin C. Zipursky**
Professor of Law & James H. Quinn '49
Chair
Fordham Law School

Institutional affiliations are provided for purposes of identification only and do not reflect the views of the listed institutions.

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 29(a)(5) and 32(a)(7)(B)(i) and Circuit Rule 32(e)(3), I certify that this brief complies with the applicable type-volume limitations. This brief was prepared using a proportionally spaced typeface using Microsoft Word for Mac version 16.107.1 in 14-point Times New Roman. Exclusive of the portions exempted by Fed. R. App. P. 32(a)(7)(B)(iii) and Circuit Rule 32(e)(1), this brief contains 6,381 words as reported by the Microsoft Word for Mac version 16.107.1 word count feature.

DATED this 2nd day of April 2026.

/s/ *Phillip R. Malone*
Phillip R. Malone

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2026, I electronically filed the original of this brief with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the Court's electronic filing system.

DATED this 2nd day of April 2026.

/s/ *Phillip R. Malone*
Phillip R. Malone