**Oral Argument Scheduled on May 14, 2026**

**Nos. 25-5241, 25-5265, 25-5277, 25-5310**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

## PERKINS COIE LLP,

Plaintiff-Appellee,

v.

## U.S. DEPARTMENT OF JUSTICE, *et al.,*

Defendants-Appellants.

———————————

On Appeal from the United States District Court
for the District Of Columbia

———————————

## BRIEF OF AMICI CURIAE LITIGATION FIRMS
## IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE

———————————

Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email: reilly@wtotrial.com

Attorney for *Amici Curiae*

**CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES, AND CORPORATE DISCLOSURE STATEMENT**

Pursuant to D.C. Circuit Rules 26.1, 28(a)(1), and 29(b) and Federal Rules of Appellate Procedure 26.1 and 29(a)(4), undersigned counsel representing amici curiae certifies as follows:

**A.     Consent to File**

Counsel for amici curiae have conferred with counsel for the parties about their participation as amici curiae in these consolidated appeals. All parties consent to that participation.

**B.     Parties and Amici**

All parties, intervenors, and amici appearing before the District Court and in this Court are listed in Defendants-Appellants' brief.

In this Court, Wheeler Trigg O'Donnell LLP; Bird, Marella, Rhow, Lincenberg, Drooks, Nessim, LLP; Botkin Chiarello Calaf PLLC; Buckner + Miles, P.A.; Cohen Williams LLP; Corr Cronin LLP; Edwards & Culver; Garnett Powell Maximon Barlow & Farbes, LLC; Gelber Schachter & Greenberg, P.A.; Goodell, DeVries, Leech & Dann, LLP; Halpern May Ybarra Gelberg LLP; Holwell Shuster & Goldberg LLP; Horvitz & Levy LLP; Kaplan Johnson Abate & Bird LLP; Keating Wagner Polidori Free, P.C.; Long & Levit LLP; Lynn Pinker Hurst & Schwegmann LLP; Markowitz Herbold PC; Porzio, Bromberg, & Newman, P.C.; Rosing Pott & Strohbehn LLP; Walden Macht Haran & Williams

LLP; and Yetter Coleman LLP all appear as amici curiae, supporting Plaintiffs-Appellees. Amici have no parent corporations and no publicly held corporation owns 10% or more of any amicus law firm's stock.

### C.    Rulings Under Review

References to the rulings at issue appear in Defendants-Appellants' brief.

### D.    Related Cases

References to the related cases appear in Defendants-Appellants' brief.

Dated: April 3, 2026                                Respectfully submitted,


                                                */s/ Kathryn A. Reilly*
                                                Kathryn A. Reilly
                                                Wheeler Trigg O'Donnell LLP
                                                370 Seventeenth Street, Suite 4500
                                                Denver, CO 80202-5647
                                                Telephone:   303.244.1800
                                                Facsimile:    303.244.1879
                                                Email: reilly@wtotrial.com

                                                Attorney for *Amici Curiae*

# TABLE OF CONTENTS

Page

CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES, AND CORPORATE DISCLOSURE STATEMENT ............................................... i

    A.    Consent to File........................................................................... i

    B.    Parties and Amici ..................................................................... i

    C.    Rulings Under Review ............................................................. ii

    D.    Related Cases ........................................................................... ii

TABLE OF AUTHORITIES ................................................................. iv

INTRODUCTION AND STATEMENT OF INTEREST ........................................ 1

ARGUMENT ......................................................................................... 4

I.    LAWYERS' INDEPENDENCE IS ESSENTIAL TO PROVIDING ZEALOUS REPRESENTATION AND DEFENDING THE RULE OF LAW ......................................................................................... 4

    A.    Every client and cause—no matter how controversial or unpopular— deserves zealous, effective representation ...................... 4

    B.    Lawyers will be less likely to zealously represent their clients with undivided loyalty if they fear government reprisal ...................... 7

    C.    Lawyers will be less likely to defend the rule of law if they fear government retribution ...................................................... 9

II.    LAWYERS' ZEALOUS ADVOCACY IS PROPERLY AND ADEQUATELY CONSTRAINED BY THE LAW AND LAWYERS' ETHICAL DUTIES ...................................................................... 10

CONCLUSION ...................................................................................... 11

CERTIFICATE OF COMPLIANCE .......................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Cohen v. Hurley*,
366 U.S. 117 (1961) ...............................................................................10

*Devaney v. Cont'l Am. Ins. Co.*,
989 F.2d 1154 (11th Cir. 1993) ..............................................................10

*Heffernan v. Hunter*,
189 F.3d 405 (3d Cir. 1999) ....................................................................7

*In re Griffiths*,
413 U.S. 717 (1973) ........................................................................... 8, 10

*Konigsberg v. State Bar of Cal.*,
353 U.S. 252 (1957) .................................................................................1

*Legal Servs. Corp. v. Velazquez*,
531 U.S. 533 (2001) ...................................................................... 1, 2, 4, 9

*Malloy v. Hogan*,
378 U.S. 1 (1964) ...................................................................................10

*Meltzer v. C. Buck LeCraw & Co.*,
402 U.S. 936 (1971) .................................................................................1

*Polk Cnty. v. Dodson*,
454 U.S. 312 (1981) ..............................................................................5, 8

*Spevack v. Klein*,
385 U.S. 511 (1967) ...............................................................................10

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016) .................................................................................9

*Thornton v. Breland*,
441 So. 2d 1348 (Miss. 1983) .................................................................8

*Von Moltke v. Gillies*,
   332 U.S. 708 (1948) ...................................................................... 1, 8-9

*Walters v. Nat'l Ass'n of Radiation Survivors*,
   473 U.S. 305 (1985) ...................................................................... 1, 10

**CONSTITUTION**

U.S. Const. art. III, § 2 ...................................................................9

**OTHER AUTHORITIES**

31 A.B.A. Rep. 676 (1907) ...................................................................8

1887 Code of Ethics of the Ala. State Bar Ass'n....................................................10

Carl M. Cannon,
   *Paul Clement, DOMA and Legal Integrity*,
   Real Clear Politics (May 2, 2011) ............................................... 4, 6, 7

D.D.C. LCvR 7(o)(5) ...................................................................3

Diary of John Adams (Mar. 5, 1773),
   *Founders Online*, National Archives.....................................................6

James M. Altman,
   *Considering the A.B.A.'s 1908 Canons of Ethics*,
   71 Fordham L. Rev. 2395 (2003) ............................................... 7-8

Josh Blackman,
   Unraveled: Obamacare, Religious Liberty,
   and Executive Power (2016) ...................................................................9

Ltr. from P. Clement to R. Hays (Apr. 25, 2011) ...................................................................6

Model R. of Prof'l Conduct 1.7 (Am. Bar Ass'n 2024)...........................................8

Model R. of Prof'l Conduct Preamble [5] (Am. Bar Ass'n 2024) ........................1, 9

Model R. of Prof'l Conduct Preamble [9] (Am. Bar Ass'n 2024) ................... 1, 7, 8

*Rpt. of the Joint Conf. on Prof'l Resp.*,
   44 Am. Bar Assoc. J. 12 (Dec. 1958).....................................................5

**INTRODUCTION AND STATEMENT OF INTEREST**

Legal representation is fundamental to our system of adversary justice. *Meltzer v. C. Buck LeCraw & Co.*, 402 U.S. 936, 959 (1971) (Black, J., dissenting). Our system depends on lawyers who zealously "protect and pursue" their clients' "legitimate interests, within the bounds of the law," Model R. of Prof'l Conduct Preamble [9] (Am. Bar Ass'n 2024), and with "[u]ndivided allegiance," *Von Moltke v. Gillies*, 332 U.S. 708, 725–26 (1948). This is possible only if lawyers are "unintimidated" and "free to think, speak, and act as members of an Independent Bar." *Konigsberg v. State Bar of Cal.*, 353 U.S. 252, 273 (1957). To ensure that every client and cause gets its day in court, lawyers must be free to represent clients and their causes without fear of government retribution.

Lawyers must also defend the rule of law. *See* Model R. of Prof'l Conduct Preamble [5]. Courts cannot act on their own; they must rely on lawyers to sue when the other branches of government break the law. "[A]n informed, independent bar" is thus necessary for "[a]n informed, independent judiciary" to play its role in the constitutional system. *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 545 (2001). In this way, independent lawyers serve as "guardian[s] of our freedom." *Walters v. Nat'l Ass'n of Radiation Survivors*, 473 U.S. 305, 371 (1985) (Stevens, J., dissenting).

Government action to punish lawyers for the clients and causes they represent is anathema to these core principles. Such action "cannot be aimed at the suppression of ideas thought inimical to the Government's own interest." *Velazquez*, 531 U.S. at 549. Lawyers cannot fearlessly represent causes or clients—particularly controversial ones—if they fear government reprisal. Lawyers cannot zealously represent their clients with undivided loyalty if lawyers may be punished when their clients' interests diverge from the government's. And lawyers cannot fearlessly defend the rule of law and, if necessary, hold the government accountable if they face government retribution. If lawyers shirk or abandon their ethical duties and oaths for fear of government retaliation, the justice system—and society as a whole—will be powerless to curb abuses of authority.

Amici curiae are litigation firms that represent clients in state and federal courts nationwide: Wheeler Trigg O'Donnell LLP; Bird, Marella, Rhow, Lincenberg, Drooks, Nessim, LLP; Botkin Chiarello Calaf PLLC; Buckner + Miles, P.A.; Cohen Williams LLP; Corr Cronin LLP; Edwards & Culver; Garnett Powell Maximon Barlow & Farbes, LLC; Gelber Schachter & Greenberg, P.A.; Goodell, DeVries, Leech & Dann, LLP; Halpern May Ybarra Gelberg LLP; Holwell Shuster & Goldberg LLP; Horvitz & Levy LLP; Kaplan Johnson Abate & Bird LLP; Keating Wagner Polidori Free, P.C.; Long & Levit LLP; Lynn Pinker Hurst & Schwegmann LLP; Markowitz Herbold PC; Porzio, Bromberg, &

Newman, P.C.; Rosing Pott & Strohbehn LLP; Walden Macht Haran & Williams LLP; and Yetter Coleman LLP (together, the "Litigation Firms"). Among us, we represent a broad assortment of clients, including veterans, the accused or incarcerated, immigrants, foster care children, individuals of modest means, small business owners, investors, prominent law firms, health care providers, and many of the world's largest companies. Many times in the past, regardless of which major party controlled the executive branch, the legislative branch, or both, we have represented clients fighting government overreach or pursuing causes disfavored or actively opposed by the government in power. Today, likewise, clients of Plaintiffs-Appellees and other law firms, including ours, are or may be fighting against government overreach and pursuing causes the current government or a future government disfavors. Those clients need and deserve representation by competent, zealous counsel.

We submit this brief to help ensure that we can continue providing competent, zealous representation to *every* client—regardless of their identity, and without fear of government retribution. And we submit this brief to help ensure that we can continue to defend the rule of law and hold the government accountable when it breaks the law or violates our clients' rights.[1]

---

[1] Under Federal Rules of Appellate Procedure 29(4)(E), undersigned counsel certifies that (i) no party's counsel authored this brief in whole or in part; (ii) no party or their counsel contributed money that was intended to fund preparing or

**ARGUMENT**

**I.    LAWYERS' INDEPENDENCE IS ESSENTIAL TO PROVIDING ZEALOUS REPRESENTATION AND DEFENDING THE RULE OF LAW**

Punishing lawyers for the clients and causes they represent undermines the bedrock American principles that the government cannot "effect [a] serious and fundamental restriction on advocacy of attorneys and the functioning of the judiciary," *Velazquez*, 531 U.S. at 544, and that "every person and every cause gets their day in court," Carl M. Cannon, *Paul Clement, DOMA and Legal Integrity*, Real Clear Politics (May 2, 2011).[2] Such punishment by presidential fiat seeks to erode lawyers' ethical obligations to their clients and undermine their ability to defend the rule of law. If it coerces even one lawyer to decline to represent even one client, it erodes the bedrock principles at issue in these cases.

**A.    Every client and cause—no matter how controversial or unpopular— deserves zealous, effective representation**

Fundamental to our legal system is the principle that every client deserves a lawyer. This principle is most important for clients who are, or whose causes may become, controversial or unpopular. The particular allegations or facts animating Plaintiffs-Appellees' individual cases are irrelevant: The precedent set here will

---

submitting the brief; and (iii) no person contributed money that was intended to fund preparing or submitting the brief.

[2] *Available at* https://www.realclearpolitics.com/articles/2011/05/02/paul_clement_doma_and_legal_integrity.html.

either affirm or severely undermine fundamental values necessary to the functioning of our legal system.

"One of the highest services the lawyer can render to society is to appear in court on behalf of clients whose causes are in disfavor with the general public." *Rpt. of the Joint Conf. on Prof'l Resp.*, 44 Am. Bar Assoc. J. 12 (Dec. 1958) at 1216. Doing so not only protects clients and ensures equal access to justice, it also benefits society as a whole. Rigorous, adversarial testing by counsel "ultimately advance[s] the public interest in truth and fairness." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318–19 (1981). It is "essential for a sound and wholesome development of public opinion that the disfavored cause have its full day in court"—which includes, "of necessity, representation by competent counsel." *Rpt. of the Joint Conf.*, 44 Am. Bar Assoc. J. 12 at 1216.

History is filled with American lawyers who had the courage to affirm this foundational principle. President John Adams represented nine British solders indicted for murder in the Boston Massacre. The soldiers benefitted from his representation: seven were acquitted, and the other two were found guilty of a lesser charge. Despite reportedly losing half his law practice as a result, President Adams later said it was "one of the best Pieces of Service I ever rendered my

Country." Diary of John Adams (Mar. 5, 1773), *Founders Online*, National Archives.[3]

Renowned advocate Clarence Darrow defended Nathan Leopold and Richard Loeb in their trial for kidnapping and murder of a 14-year-old boy, then known as the "crime of the century." Darrow agreed to represent them, despite having "grown tired of standing in the lean and lonely front line facing the greatest enemy that ever confronted man—public opinion." Cannon, *supra*.

More recently, former Solicitor General Paul Clement was retained to defend the Defense of Marriage Act on behalf of Republicans in the U.S. House of Representatives. After a public pressure campaign, Clement had to decide whether to abandon his client or resign from his firm and continue the representation. While expressing no position on the merits of the law itself, he wrote in his resignation letter to his firm that "[d]efending unpopular positions is what lawyers do." Ltr. from P. Clement to R. Hays (Apr. 25, 2011).[4] "The adversary system of justice depends on it," he continued, "especially in cases where the passions run high." *Id.* "When it comes to the lawyers, the surest way to be on the wrong side of history is to abandon a client in the face of hostile criticism." *Id.*

---

[3] *Available at* https://perma.cc/9LMR-SQAM.

[4] *Available at* https://perma.cc/T62Q-FKVW.

Lawyers who champion unpopular clients and causes "don't always win," of course, and their cases may "never become popular." Cannon, *supra*. They can "be on the wrong side of the facts, and [at least to some] the wrong side of history." *Id.* But these lawyers nevertheless rendered the highest service by upholding the bedrock principles of adversarial justice. Any efforts to punish lawyers simply for representing particular causes or clients—including, and most especially, those who have fallen out of favor with the government or the public—erode equal access to justice, undermine the justice system's adversarial nature, and should be stopped.

### B. Lawyers will be less likely to zealously represent their clients with undivided loyalty if they fear government reprisal

Fear of government retaliation undermines lawyers' ethical duty to "zealously . . . protect and pursue a client's legitimate interests, within the bounds of the law." Model R. of Prof'l Conduct Preamble [9]. This duty is a long-standing feature of the American legal system. *See Heffernan v. Hunter*, 189 F.3d 405, 413 (3d Cir. 1999) ("The right of a litigant to independent and zealous counsel is at the heart of our adversary system. . . ."). In 1887, when the Alabama State Bar Association adopted the first code of legal ethics in the United States, it required that "[n]o sacrifice or peril, *even to loss of life itself*, can absolve [lawyers] from the fearless discharge of" their duties to a client. James M. Altman, *Considering the A.B.A.'s 1908 Canons of Ethics*, 71 Fordham L. Rev. 2395, 2448 (2003)

(quoting 31 A.B.A. Rep. 676, 693 (1907) (emphasis added)). More recently, the Mississippi Supreme Court described this obligation as a lawyer's willingness to "defy hell on [a] client's behalf." *Thornton v. Breland*, 441 So. 2d 1348, 1350 (Miss. 1983). When a client is "on the ropes," the court explained, "the lawyer, standing alone if need be, is the one person who, in the interest of his client, skillfully defies the state, the opposing litigant, or whoever threatens." *Id.*

Zealous advocacy requires lawyers to have "independent judgment" and steadfast "loyalty" to their clients. Model R. of Prof'l Conduct 1.7 cmt. 1. Lawyers must "further the interests of [their] clients by all lawful means, even when those interests are in conflict with the interests of the United States or of a State." *In re Griffiths*, 413 U.S. 717, 724 n.14 (1973) (citation omitted). Lawyers fulfill their duty "not by acting on behalf of the State or in concert with it, but rather by advancing the undivided interests of his client." *Polk Cnty.*, 454 U.S. at 318–19.

Lawyers will be less likely to exercise independent judgment or have undivided loyalty if they may face government reprisal for the clients or causes they represent. Nor can lawyers freely "protect and pursue" their clients' "legitimate interests," Model R. of Prof'l Conduct Preamble [9], if they are afraid of being punished for doing so. For "[u]ndivided allegiance and faithful, devoted service to a client" to remain "prized traditions of the American lawyer," *Von*

*Moltke*, 332 U.S. at 725–26, lawyers must be free to represent any client and any cause, without fear of government retribution.

**C.      Lawyers will be less likely to defend the rule of law if they fear government retribution**

Lawyers' duties do not end with their clients. Lawyers also have a "duty, when necessary, to challenge the rectitude of official action." Model R. of Prof'l Conduct Preamble [5]. Courts are, by their nature, reactive bodies whose power extends only to cases that are filed. *See, e.g.*, *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (federal courts have jurisdiction to resolve only "Cases" and "Controversies" (quoting U.S. Const. art. III, § 2)). Courts cannot meaningfully check government abuse if lawyers are unwilling or unable to represent the government's opponents or to sue to stop official overreach. An "informed, independent judiciary" thus requires "an informed, independent bar." *Velazquez*, 531 U.S. at 545.

The government should not be allowed to "insulate" itself from judicial review by discouraging lawyers from suing the government, by threat of retaliation or otherwise. *Id.* at 548; *see also, e.g.*, Josh Blackman, *Unraveled: Obamacare, Religious Liberty, and Executive Power* 356 (2016) (reporting that an earlier administration pressured clients to fire a law firm that had agreed to sue that administration). If lawyers can safely accept only those clients or causes favored by the government, then lawyers will no longer serve effectively as the

"guardian[s] of our freedom." *Walters*, 473 U.S. at 371 (Stevens, J., dissenting). They will instead be relegated to "nothing more than parrots of the views of whatever group wields governmental power at the moment." *Cohen v. Hurley*, 366 U.S. 117, 138–39 (1961) (Black, J., dissenting), *overruled by Malloy v. Hogan*, 378 U.S. 1 (1964), *and Spevack v. Klein*, 385 U.S. 511 (1967).

## II.  LAWYERS' ZEALOUS ADVOCACY IS PROPERLY AND ADEQUATELY CONSTRAINED BY THE LAW AND LAWYERS' ETHICAL DUTIES

Of course, the duty of zealous advocacy is not boundless. It "does not permit, much less demand, violation of the law, or any manner of fraud or chicanery for the client's sake." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 n.10 (11th Cir. 1993) (quoting 1887 Code of Ethics of the Ala. State Bar Ass'n). Lawyers must perform their "dual role—officer of the court and advocate for a client—strictly within and never in derogation of high ethical standards." *In re Griffiths*, 413 U.S. at 732–33 (Burger, J., dissenting).

Lawyers do not always live up to their professional responsibilities. When lawyers fail to comply with court orders or bring vexatious claims, they can be held in contempt or sanctioned. When lawyers violate the ethical rules, they are subject to disciplinary proceedings that can yield sanctions, including suspension or disbarment from the practice of law. And when lawyers break the law, they can be sued civilly or prosecuted criminally. Amici challenge none of these measures,

which have served as effective checks on lawyer misconduct without the need for government action targeting lawyers or law firms for their past representations.

**CONCLUSION**

Amici submit this brief to affirm that lawyers must retain their long-enduring freedom to represent clients and causes without fear of government retribution based on the identity of those clients and causes. The more unpopular or controversial the client or cause, the greater the need for lawyers' freedom to accept the representation without fear or intimidation. Any government action that targets and punishes lawyers for the clients and causes they represent—or for seeking to hold the government accountable—should be rejected by the courts.

Dated: April 3, 2026                  Respectfully submitted,


                                      */s/ Kathryn A. Reilly*
                                      Kathryn A. Reilly
                                      Wheeler Trigg O'Donnell LLP
                                      370 Seventeenth Street, Suite 4500
                                      Denver, CO 80202-5647
                                      Telephone:   303.244.1800
                                      Facsimile:   303.244.1879
                                      Email: reilly@wtotrial.com


                                      Attorney for *Amici Curiae*

*The below-listed law firms authorize counsel for amici curiae to state that they join in this brief.*

Paul S. Chan
Bird, Marella, Rhow, Lincenberg,
Drooks, Nessim, LLP
1875 Century Park East, 23rd Floor
Los Angeles, CA 90067-2561
310.201.2100
pchan@birdmarella.com


David Buckner
Buckner + Miles, P.A.
2020 Salzedo Street, Suite 302
Coral Gables, FL 33134
305.964.8003
david@bucknermiles.com


Steven W. Fogg
Corr Cronin LLP
1015 Second Avenue, Floor 10
Seattle, WA 98104-1001
206.625.8600
sfogg@corrcronin.com

Asra Syed
Botkin Chiarello Calaf PLLC
1209 Nueces Street
Austin, TX 78701
512.956.5630
asra@bccaustin.com


Reuven Cohen
Cohen Williams LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
213.232.5160
rcohen@cohen-williams.com


A. Clifford Edwards
Edwards & Culver
1648 Poly Drive, Suite 206
Billings, MT 59102
406.256.8155
jenny@edwardslawfirm.org

Stan Garnett
Garnett Powell Maximon Barlow &
Farbes, LLC
1125 17th Street, Suite 2200
Denver, CO 80202
303.991.3344
stan.garnett@garnettlegalgroup.com

Joseph Ybarra
Halpern May Ybarra Gelberg LLP 550
S. Hope St., Suite 2330
Los Angeles, CA 90071 213.402.1930
joseph.ybarra@halpernmay.com

Eric S. Boorstin
Horvitz & Levy LLP
3601 West Olive Avenue, 8th Floor
Burbank, CA 91505
818.995.0800
eboorstin@horvitzlevy.com

Kathleen Ewins
Long & Levit LLP
465 California Street, Suite 500
San Francisco, CA 94104
415.397.2222
kewins@longlevit.com

Stanton R. Gallegos
Markowitz Herbold PC
1455 SW Broadway, Suite 1900
Portland, OR 97201
503.295.3085
stantongallegos@markowitzherbold.com

Gerald E. Greenberg
Gelber Schachter & Greenberg, P.A.
One Southeast Third Avenue
Suite 2600
Miami, FL 33131-1715
305.728.0950
ggreenberg@gsgpa.com

Richard J. Holwell
Holwell Shuster & Goldberg LLP
425 Lexington Avenue
New York, NY 10017
646.837.5151
rholwell@hsgllp.com

Clark Johnson
Kaplan Johnson
Abate & Bird LLP
710 West Main Street, 4th Floor
Louisville, KY 40202
502.416.1630
cjohnson@kaplanjohnsonlaw.com

Chris Schwegmann
Lynn Pinker Hurst & Schwegmann
LLP
2100 Ross Avenue, Suite 2700
Dallas, TX 75201
214.981.3800
cschwegmann@lynnllp.com

Vito A. Gagliardi, Jr.
Porzio, Bromberg, & Newman, P.C.
5 Sylvan Way
P.O. Box 218
Parsippany, NJ 07054
973.889.4151
vagagliardi@pbnlaw.com

Heather L. Rosing
Rosing Pott & Strohbehn LLP
770 First Avenue, Suite 200
San Diego, CA 92101
619.235.6000
hrosing@rosinglaw.com

R. Paul Yetter
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, TX 77002
713.632.8000
pyetter@yettercoleman.com

K. Nichole Nesbitt
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
410.783.4026
knn@gdldlaw.com

Sean Haran
Walden Macht Haran & Williams
LLP 250 Vesey Street, 27th Floor
New York, NY 10281
212.335.2030
seanh@wmhwlaw.com

Michael O. Keating
Keating Wagner Polidori Free, P.C.
1290 Broadway, Suite 600
Denver, CO 80203
303.534.0401
mkeating@keatingwagner.com

# CERTIFICATE OF COMPLIANCE

This amicus curiae brief complies with the word limit of Fed. R. App. P. 29(a)(5) because it contains 2,444 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Circuit Rule 32(e)(1).

This filing complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared using Microsoft Office 365 in Times New Roman 14-point font.

Dated: April 3, 2026

*/s/ Kathryn A. Reilly*
Kathryn A. Reilly
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone: 303.244.1800
Facsimile: 303.244.1879
Email:reilly@wtotrial.com

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of **BRIEF OF AMICI CURIAE LITIGATION FIRMS IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE** was filed with the Clerk of the United States Court of Appeals for the District of Columbia Court via the CM/ECF system and served on counsel via the electronic email system this 3rd day of April 2026.

*/s/ Kathryn A. Reilly*