LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

DANE H. BUTSWINKAS
(202) 434-5110
dbutswinkas@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
202.434.5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

April 30, 2026

Via ECF

Clifton Cislak
Clerk of Court
U.S. Court of Appeals for the D.C. Circuit
333 Constitution Avenue NW
Washington, DC 20001

> Re:  *Perkins Coie LLP v. U.S. Dep't of Justice* (D.C. Cir. No. 25-5241), Notice of Supplemental Authority

Dear Mr. Cislak:

Perkins Coie writes to bring this Court's attention to the Supreme Court's recent decision in *First Choice Women's Resource Centers, Inc. v. Davenport*, No. 24-781 (Apr. 29, 2026) (attached), which supports affirmance in this appeal.  In *First Choice*, the Court unanimously held that a religious nonprofit organization had suffered an Article III injury after the New Jersey Attorney General subpoenaed the organization for the identities of its donors.  Slip.Op.13.  The Court explained that the subpoena constituted "a present injury to [the organization's] First Amendment associational rights" because the threat of disclosure would discourage individuals from donating to the nonprofit.  Slip.Op.10.

*First Choice* reinforces two arguments Perkins Coie raised in its brief.

*First*, the decision underscores that the challenged Executive Order unconstitutionally burdens the associational rights of Perkins Coie and its clients.  Perkins Coie Br. 35-37.  Although the Supreme Court did not decide the merits of the dispute, it reiterated that "government actions tending to

WILLIAMS & CONNOLLY LLP®

April 30, 2026
Page 2

curtail the freedom to associate warrant the closest scrutiny under the First Amendment."  Slip.Op.7 (cleaned up).  Forced disclosure of private relationships—similar to the attorney-client relationships here—tends "to induce members to withdraw from the [a]ssociation" and thus "burden[s] the constitutional right of the organization's members" to engage in collective advocacy.  Slip.Op.8 (cleaned up).

Second, First Choice underscores why Perkins Coie's constitutional claims are ripe.  See Perkins Coie Br. 25-32.  In First Choice, the state attorney general contended that his subpoenas did not inflict imminent injury because they were "non-self-executing" and had to be separately enforced.  Slip.Op.15. But the Court rejected that argument:  "Objectively reasonable people interested both in their privacy and in associating with First Choice would not lightly disregard [the] distinct possibility of disclosure" threatened by the subpoena.  Slip.Op.15 (cleaned up).  According to the Court, "[t]he value of a sword of Damocles is that it hangs—not that it drops."  Slip.Op.15 (cleaned up). So too here.  Here, even without "future implementation," Gov't Opening Br. 49, the Executive Order's promise of retribution caused clients to leave (or threaten to leave) Perkins Coie as soon as the Order was issued.  Perkins Coie Br. 27-28.

Respectfully submitted,

s/ Dane H. Butswinkas
Dane H. Butswinkas

cc: Counsel of Record (via CM/ECF)                    Word Count: 348